# CHARLESTON.

LAWRENCE *v.* WINIFREDE COAL CO.

Decided April 21, 1900.

48   139,
d48   609

48   139
52   535

d53   484

48   139
56   398

48   139
59   479

1. STATUTE OF LIMITATIONS—*Second Suit.*

     A suit begun by the issuance of a summons, and dismissed at rules for the mere failure of the plaintiff to file his declaration, will not save a second suit for the same cause of action, brought within one year after such dismissal, from the statute of limitations. (p. 142).

2. COMMENCEMENT OF SUIT—*Limitation.*

     A suit begins with the issue of the summons to answer the declaration or bill, and therefore the statute of limitations ceases to run at the date of the issue of the summons. (p. 143).

Error to Circuit Court, Kanawha County.

Action by A. C. Lawrence against the Winifrede Coal Company. Judgment for defendant, and plaintiff brings error.

*Affirmed.*

E. W. WILSON, A. B. LITTLEPAGE, and J. F. CORKE, for plaintiff in error.

BROWN, JACKSON & KNIGHT, for defendant in error.

BRANNON, JUDGE:

Lawrence brought an action in Kanawha County against Winifrede Coal Company by issuing his summons in trespass on the case, which was served on the defendant, and the plaintiff failing for three months after return of service to file his declaration, his action was dismissed at rules. Then he brought another action, and the defendant pleaded the statute of limitations, and to this the plaintiff tendered a replication to the effect that when the cause of action accrued to the plaintiff, he was an infant under twenty-one years of age, and did not become of age until 8th April, 1896, and that within one year thereafter he instituted the said first action by causing a summons to issue, which was served, and that three months having elapsed after the summons was executed without a declaration being filed, said

first suit was dismissed, and that by virtue of the statute in such case made and provided the plaintiff had one year in which to sue after the dismissal of the first suit, and that the second suit had been instituted before the expiration of one year after the dismissal of the first suit. Upon demurrer to this replication it was held bad, as not legally answering the plea of the statute of limitations, and judgment was given for the defendant, and the plaintiff sued out the writ of error now in hand.

The question is whether that replication presented a sufficient answer to the plea of the statute. Section 19, chapter 104, Code 1891, provides that, "if any action, commenced within due time, in the name of or against one or more plaintiffs or defendants, abate as to one of them by the return of no inhabitant, or by his or her death or marriage, or if in an action commenced within due time, judgment for the plaintiffs should be arrested or reversed on a ground which does not preclude a new action for the same cause, or if there be occasion to bring a new suit by reason of the said cause having been dismissed for want of security for costs, or by reason of any other cause, which could not plead in bar of an action, or of the loss or destruction of any of the papers or records in a former suit, which was in due time; in every such case, notwithstanding the expiration of the time within which a new action or suit must otherwise have been brought, the same may be brought within one year after such abatement, dismissal or other cause, or after such arrest or reversal of judgment, or such loss or destruction, but not after."

It is under this statute that the plaintiff claims that his action is saved from the bar of time, since he says that the dismissal for want of declaration at rules is in terms covered by the statute. I do not think that the word "dismissal" in the stateute applies to the case. I read the statute as saying that if there be occasion to bring a new suit by reason of the cause having been dismissed for want of security for costs, or if there be reason to bring a new suit by reason of any other cause, then the time is saved; in other words, that word "dismissal" is limited to the case of a dismissal for want of security for costs. Then the question is in any case whether the case is one in which there is occasion to bring a new suit "by reason of any other cause, which could not be plead in bar of an action." In this case it is clear that a non-suit for failure to file a declaration could not be pleaded in bar of another action; so that the case is within the

letter of the statute. But is it within the spirit and purpose of the statute? for a statute has not merely letter, but it has actual spirit which may take a case out of or put it within the statute. In this case the plaintiff was guilty of neglect, which caused the dismissal of his suit. That dismissal was solely imputable to his own action. He either intentionally abandoned his first suit, or neglected it, which operated in law to discontinue it. It is a voluntary dismissal, or call it a discontinuance, by reason of the plaintiffs non-action. Could he by his own act keep alive his action and prolong the defendant's liability? In the language of the Texas court in *Shields* v. *Boone,* 22 Tex. p. 198, "It would be charging the legislature with great folly to suppose that they ever intended to enact, that the institution of a suit, and the voluntary abandonment of it could secure to a party any rights." In *Harris* v. *Dennis,* 1 S. & R. 236, the court said that where there was a verdict and arrest of judgment, or reversal for error, there was some presumption of a good cause of action; "but there is no presumption in favor of one, who has been nonsuited, and as it is the plaintiff's power to suffer as many nonsuits as he pleases, he might make use of an artifice of this kind to protract the trial until the defendant had lost his evidence." The nonsuit there did not save the second action. The same doctrine is laid down in Angell on Lim. s. 328. There are many cases that are not within the letter, though within the sprit of the various statutes touching this subject; and while there is some diversity of decision, yet, except where statutes are found expressly giving a second action where a former one has been voluntarily nonsuited, I think I can safely say from the authorities that an action ended by a voluntary nonsuit does not save a second one under the statutes upon this subject. To do so would be to allow a man to take advantage of neglect, intentional neglect, or inexcusable neglect, and still hold his adversary liable after the limit of time made by the law his ample defense. The United States Supreme Court said: "In no case of a voluntary abandonment of an action, has an exception to the statute of limitations been supported. And it held that on the death of an assignee in bankruptcy the right of action for a debt due the bankrupt vested in the executor of the assignee, and that if he failed to revive a suit in his name brought in the life-time of his testator, it should be considered a voluntary abandonment of the action, so as to exclude the executor from the equity of the exception of

the statute. *Richards* v. *The Maryland,* &c. 8 Cranch 84. In *Barino* v. *McGee,* 3 M'Cord (S. C.) 452, after several continuances the plaintiff was nonsuited, and the first action did not save the second either under the letter or spirit of the statute and the uniform tenor of the decisions, as stated in Angell on Lim. s. 328. 1 Rob. Pac. 606, says: "And it has been laid down, that no case of a voluntary abandonment of an action comes within the exception." 1 Barton Law Pr. 77, speaking of such a statute, says that the exception "will not apply to any voluntary dismissal." 2 Wood Lim. 296, says: "But a voluntary dismissal of an action does not save the remedy, nor indeed, in any case where there was a voluntary abandonment of the action can it be relied upon to check the operation of the statute." Buswell, Lim. ss. 361, 362, say that, "When the abandonment of the original suit by the plaintiff is voluntary the case does not fall within the equity of a statutory exception." "It was not intended that the statute should bar when the party had lost his trial by the act of God, but in the case of nonsuit the plaintiff has withdrawn from the trial, either voluntarily or in consequence of the opinion of the court against him," it is different. So I conclude, from an examination of the authorities, that the first suit having been voluntarily discontinued by the plaintiff, abandoned by him, does not save the second suit from the bar of the statute, as would be the case were the dismissal the act of the court for some defect or irregularity or cause not precluding another action over which the plaintiff had no control, and not attributable to his mere negligence. Therefore we hold the replication as bad, as did the circuit court.

Another question was discussed in the case. Counsel for the defendant raised the point that as the summons commencing the action was merely issued and served, and no declaration filed, it was not a suit within the meaning of the saving statute above quoted, and could only become such when the declaration was filed, as the summons did not call for an answer to itself, but only to a declaration.

An examination of the books furnishes a great diversity of opinion as to when an action is to be deemed as commenced under the statute of limitations so as to stop the running of the statute; for the statute runs until a suit is commenced. Some cases hold that it is commenced when the summons issues; some

hold that it is commenced when the summons goes into the hands of the officer for service; some hold that the suit begins when the summons is served; some when the declaration is filed. It evidently depends on the statute law of the particular state, and the practice under it. Our statute, Code, chapter 124, section 5, says that, "process to commence a suit shall be a writ commanding the officer to whom it is directed, to summon the defendant to answer the bill or action." Mr. Hogg in his valuable and greatly improved second edition of Hogg's Pleading and Forms, s. 1, takes the position that under that statute all actions which are commenced by summons date their commencement at the date of the summons. His position is evidently correct. It applies alike to chancery and actions at law. When a party against whom the statute of limitations is running has the clerk to issue a summons against the defendant, he has set in motion the wheels of the law, and done all that could be required of him as a mere commencement of his action. The law has cited his adversary to answer. Thereafter the plaintiff has only to follow up his suit by the diligent prosecution of it required by law; but this has nothing to do with the commencement of the suit; that has already occurred; the suit has come into being by the issue of the summons; the plaintiff has appealed to the law for the redress of his grievance. This construction relieves all uncertainty as to when the process goes into the hands of the officer, or whether the suit has been *bona fide* commenced, or other questions that might arise were a different rule to prevail. This Court has settled this question in *U. S. Blow-pipe Co. v. Spencer,* 46 W. Va. 590, (33 S. E. 342.) See the *Blow-pipe v. Spencer,* 46 W. Va. 590, 33 S. E. 342. See the two two opinions therein discussing the subject. It is there settled with reference to the statute of limitations. It is likewise so settled in *Lambert v. Ensign Co.,* 42 W. Va. 813. That statute was taken from the English statute, 1 and 2 Victoria, s. 2, and under it the writ has been held the commencement of the action. Buswell Lim. s. 352. And the authorities generall say that in the United States the suing out of the writ is the commencement of the suit, its date being *prima facie* evidence of the true date, though not conclusive. 13 Am. & Eng. Ency. L. 746; Busw. Lim. s. 353; Angell. Lim. s. 312. We affirm the judgment.

*Affirmed.*