CHARLES S. KEENER

*v.*

REYNOLDS TRANSPORTATION COMPANY, *et àl.*

(CC 773)

Submitted Sept. 7, 1950.   Decided Oct. 17, 1950.

*Grover C. Belknap, Hoover, Hoover & Bickel,* for plaintiff.

*Claude H. Vencill,* for defendants.

GIVEN, JUDGE:

Questions arising in this action of trespass on the case were certified to this Court by the Circuit Court of Nicholas County. The action was instituted on the 16th day of March, 1950, against Reynolds Transportation Company, a Corporation, and Atlantic Greyhound Corporation. The plaintiff, Charles S. Keener, claims damages for personal injuries in the amount of $25,000.00, alleged to have resulted from the negligence of Wallace Ramsey,

the driver of a Reynolds Transportation Company bus, on which plaintiff was, at the time of the accident, a passenger for hire. It appears from the declaration that the plaintiff purchased a ticket from Atlantic Greyhound Corporation at its Charleston, West Virginia, office, and that the ticket entitled plaintiff to passage from Charleston, by way of Gauley Bridge, West Virginia, to Webster Springs, West Virginia. Buses of the Atlantic Greyhound Corporation do not pass through Webster Springs but by virtue of an arrangement between Atlantic Greyhound Corporation and Reynolds Transportation Company the plaintiff was to be transported from Gauley Bridge to Webster Springs by Reynolds Transportation Company. It was while a passenger on a bus of Reynolds Transportation Company, by virtue of the ticket so purchased, and while passing through Nicholas County, that plaintiff suffered the injuries complained of.

The declaration charges that the injuries occurred on the 1st day of June, 1948; that on the 15th day of March, 1949, the plaintiff instituted an action of trespass on the case, in the Circuit Court of Nicholas County, against Wallace Ramsey, Atlantic Greyhound Corporation and Reynolds Transportation Company for damages in the amount of $15,000.00 resulting from injuries received 'in the same accident; and that Reynolds Transportation Company and Atlantic Greyhound Corporation appeared specially in that action and moved that the returns of service of process against them be quashed, because of insufficiency thereof apparent upon the face of the returns. The court sustained the motion, over the protest of the plaintiff, and, on the 13th day of June, 1949, dismissed the action as to Atlantic Greyhound Corporation and Reynolds Transportation Company. The plaintiff at no time moved for the reinstatement of the action so dismissed, although three terms of court passed after the dismissal and before the institution of the present action. At the time of the institution of this action the plaintiff had failed to pay the costs adjudged against him by the order of dismissal. It may be observed that the first action was instituted against the three defendants within

one year after the date of the injury, and that the second action was not instituted within one year after the injury, but was instituted within one year after the date of the dismissal. The first action remains pending as to the defendant Ramsey. No writ of error was taken from the judgment dismissing the first action as to Atlantic Greyhound Corporation and Reynolds Transportation Company.

The defendants Reynolds Transportation Company and Atlantic Greyhound Corporation filed a joint and several demurrer to the declaration in the present action and a joint and several special plea. The plaintiff filed his demurrer and replication to the special plea. The trial court, on June 15, 1950, entered an order adjudging the declaration sufficient and overruling the demurrer thereto and sustaining the demurrer to the special plea. The action of the trial court in sustaining plaintiff's demurrer to the special plea is complained of here.

The principal contention of the defendants, as disclosed by the special plea, is that the present action is barred by the statute of limitations, the action not having been instituted within one year after the accident and, the parties not being the same, is not saved by the provisions of Code, 55-2-18, which reads:

"If any action or suit commenced within due time, in the name of or against one or more plaintiffs or defendants, abate as to one of them by the return of no inhabitant, or by his or her death or marriage, or if, in an action or suit commenced within due time, judgment or decree (or other and further proceedings) for the plaintiffs should be arrested or reversed on a ground which does not preclude a new action or suit for the same cause, or if there be occasion to bring a new action or suit by reason of such cause having been dismissed for want of security for costs, or by reason of any other cause which could not be plead in bar of an action or suit, or of the loss or destruction of any of the papers or records in a former action or suit which was in due time; in every such case, notwith-

standing the expiration of the time within which a new action or suit must otherwise have been brought, the same may be brought within one year after such abatement, dismissal or other cause, or after such arrest or reversal of judgment or decree, or such loss or destruction, but not after."

The statute quoted has been considered and applied in a number of cases by this Court. Where the first action is voluntarily dismissed by the plaintiff the statute will not save the second action. *McClung* v. *Tieche,* 126 W. Va. 575, 29 S. E. 2d 250. The dismissal of an action at rules because of the plaintiff's failure to file his declaration, notwithstanding his failure was due to a bona fide belief that the action was instituted prematurely, is a voluntary dismissal. *Allen* v. *Burdette,* 89 W. Va. 615, 109 S. E. 739; *Lawrence* v. *Coal Company,* 48 W. Va. 139, 35 S. E. 925. An action dismissed because of a void summons is an involuntary dismissal. *Ketterman* v. *Coal Company,* 48 W. Va. 606, 37 S. E. 683. An action erroneously dismissed on a plea in abatement is an involuntary dismissal. *Ryan* v. *Coal & Coke Company,* 69 W. Va. 692, 73 S. E. 330. In *Mylius* v. *Arnold,* 99 W. Va. 341, 128 S. E. 740, the Court held, in Point 2 of the syllabus:

"Plaintiff having instituted a suit in chancery within the period of limitation on a claim cognizable only at law, may, under Section 19, Chapter 104, Code, before dismissal thereof for want of jurisdiction, bring an action at law in anticipation of such ruling."

In *Town of Clendenin ex rel. Thornton Fields* v. *Ledsome, et al.,* 129 W. Va. 388, 40 S. E. 2d 849, this Court held:

"In order that the provisions of Code, 55-2-18, toll the running of the statute of limitations applicable to an action at law, it is necessary that the parties in interest in the pending action to which the statute of limitations would otherwise apply, be the same as those in the prior action involuntarily abated or dismissed."

The first action had been instituted against the Town of Clendenin only. The second action was against two individuals, neither of whom was a party to the first action. In this respect it will be observed that the *Town of Clendenin* case differs from the facts in the instant case. Reynolds Transportation Company and Atlantic Greyhound Corporation, defendants here, were defendants in the action dismissed. Therefore, the holding of the Court in the *Town of Clendenin* case, when applied to the facts therein, is clearly right, but is inapplicable to the instant case.

In the case of *Charles W. Siever, who sues for the use of the Keyser Canning Company,* v. *Klots Throwing Company,* 101 W. Va. 457, 132 S. E. 882, the first action was dismissed for the reason "that an assignee of a cause of action arising out of tort can not sue in his own name, or join the same with an individual cause of action, though arising out of the same acts of negligence against the same defendant * * *." The second action instituted after the running of the statute of limitations was held to have been saved by Section 19 of Chapter 104 of the Code of 1923, now Code, 55-2-18, notwithstanding plaintiff sued in his own name in the first action and in his representative capacity in the second action.

In *Bent* v. *Read,* 82 W. Va. 680, 97 S. E. 286, the plaintiff, a judgment creditor of Read, instituted a creditors' suit against Read, naming the wife of Read as a defendant but making no allegations in the bill of complaint upon which any relief could be granted against the wife. The suit for several years was treated as a general creditors' suit against both Read and his wife but was eventually dismissed as to the wife, the court also dismissing from the suit a tract of land belonging to the wife. Assignees of several judgment liens against the wife instituted a second suit after the running of the statute of limitations but within one year after the dismissal of the first action. There were a number of parties to the first suit who were neither plaintiffs nor defendants to the second suit. Under these circumstances the court held that the

second action was saved by the statute as to the creditors of the wife who were treated as parties in the first suit, but not as to such creditors who were not parties to the first suit.

Our decisions are in agreement that the statute must be given a liberal or broad construction so as to save the second action where the dismissal was one included within the terms of the statute. In *Tompkins* v. *Insurance Company*, 53 W. Va. 479, at 484, 44 S. E. 439, Judge Poffenbarger, in speaking of this statute, said:

> "Our statute seems to be somewhat broader, or, to say the least, more positive and affirmative in the expression of the width of its scope than any of the other statutes; for it says 'if there be occasion to bring a new suit by reason of the said cause having been dismissed * * * or * * * any other cause, which could not be pleaded in bar of an action,' a new action may be brought within one year after the dismissal. It is a highly remedial statute and ought to be liberally construed for the accomplishment of the purpose for which it was designed, namely, to save one who has brought his suit within the time limited by law, from loss of his right of action by reason of accident or inadvertence, and it would be a narrow construction of that statute to say that, because a plaintiff had, by mistake, attempted to assert his right in a court having no jurisdiction, he is not entitled to the benefit of it. * * *." See also *Bent* v. *Read*, 82 W. Va. 680, 97 S. E. 286.

In *Ketterman* v. *Railroad Company*, 48 W. Va. 606, 37 S. E. 683, Judge Brannon said:

> "* * * The very object of the statute is to give further time for a second action when the first action is for any cause abortive, ineffectual for recovery. No matter what was the cause of the first action's failure, no matter how bad the writ, no matter whether you call it void or voidable, it is all sufficient to save the second action. It is within the very reason of the statute; it is just the kind of a trouble for which the statute intended to save the second action. * * *."

From a review of these cases it would appear that the second action will be saved by the statute whenever the parties to the second action were also parties to the first action. Of course parties to the second action who were not parties to the first action cannot have the advantage given by the statute. *Town of Clendenin* v. *Ledsome, supra.* This seems to be the clear intent of the statute, for it is provided that if "one or more plaintiffs or defendants" to the action dismissed or the "plantiffs * * * should be * * * dismissed for any other cause which could not be plead in bar of an action or suit * * *", the second action will be saved if brought within one year after the dismissal. Here the first action was dismissed, over the protest of the plaintiff, and the parties defendant were parties to the first action, and the second action was instituted within the period of one year from the dismissal. We hold, therefore, that the second action may be maintained. We think it should be pointed out, however, that a different result might have been reached had the cause of action declared on not been joint and several.

We are of the opinion that there is no merit in the contention of defendants that the plaintiff had neglected and abandoned the original cause of action and that such neglect and abandonment estops him as to the prosecution of this action. As a basis for the contention the defendants argue that the claim for $25,000.00 made in the present action, instead of the $15,000.00 claim made in the first action, indicates such abandonment. We think not. The claim for damages in each case is upon the same cause of action. Neither was it neglect on the part of the plaintiff to have failed to have alias process issued in the first action. He had the right to have the court pass upon the sufficiency of the return of process, and he had no right to have such alias process issued after the returns were held insufficient, because of the hiatus that would have existed. See *Dunaway* v. *Lord,* 114 W. Va. 671, 173 S. E. 568. The defendants would further support their contention of neglect and abandonment from the fact that the plaintiff failed to have the dismissed action reinstated pursuant to the provisions of Code, 56-8-12. Assuming, but

not deciding, that the action dismissed could have been reinstated under the statute, the plaintiff was not bound to move for reinstatemnet but could elect to institute a new action as permitted by Code, 55-2-18.

From these conclusions it is clear that the rulings of the Circuit Court of Nicholas County must be affirmed.

*Rulings affirmed.*