LYCHESTER R. HENTHORN

*v.*

JOHN AULDIE COLLINS, *Etc.*

(No. 12044)

Submitted January 17, 1961. Decided February 14, 1961.

CALHOUN, JUDGE, *dissenting.*

*Beryl A. Cunningham, William L. Jacobs,* for plaintiff in error.

*McCluer, Davis, McDougle, Stealey* and *Morris, R. E. Stealey,* for defendant in error.

GIVEN, JUDGE:

The plaintiff, Lychester R. Henthorn, instituted an action of trespass on the case, in the Circuit Court of Wood County, against Auldie Collins, whose full name was John Auldie Collins. Process was served on a son of John Auldie Collins, whose full name was Charles Auldie Collins. The father and son were each commonly known as "Auldie" Collins. On the trial the son established that he was not the "Auldie" Collins involved in the automobile collision out of which the cause of action accrued, and the trial court "directed a verdict" in favor of the son. Thereafter, and within one year from the time of the direction of the verdict, but more than one year from the date of the accrual of the cause of action, that being the period fixed by the applicable statute of limitations in effect at the time material, plaintiff instituted the instant proceeding, involving the same cause of action, and now claims the benefit of Code, 55-2-18. The trial court sustained the demurrer to the amended declaration filed in the second action and, the plaintiff having declined to further amend, rendered judgment for the defendant.

The amended declaration shows on its face that the cause of action sued on is barred by the statue of lim-

itations, unless saved by provisions of Code, 55-2-18. The only pertinent allegations contained in the amended declaration are found in the paragraph thereof which reads: "And the plaintiff further alleges that he commenced an action upon the hereinabove alleged cause of action against the defendant in the Circuit Court of Wood County, West Virginia, within one year from the date of the happening of the wrongs, grievances and resulting injuries to the plaintiff hereinabove alleged and through no fault or neglect of the plaintiff the summons in said action was served upon the son of the defendant who bears the same name as the defendant and as a result thereof on the trial of said action the Court directed a verdict in favor of the said defendant's father [son] upon whom service was obtained, following which the plaintiff commenced this action within one year from the date of the Court's action as aforesaid in so directing such verdict, and the plaintiff further says that this new action was commenced pursuant to West Virginia Code, Chapter 55, Article 2, Section 18, and that in all respects he has complied therewith." Prior to final consideration by the court, the paragraph was amended by striking the word "father" first appearing therein and by substituting in lieu of that word the word "son", as quoted above.

Code, 55-2-18, reads: "If any action or suit commenced within due time, in the name of or against one or more plaintiffs or defendants, abate as to one of them by the return of no inhabitant, or by his or her death or marriage, or if, in an action or suit commenced within due time, judgment or decree (or other and further proceedings) for the plaintiffs should be arrested or reversed on a ground which does not preclude a new action or suit for the same cause, or if there be occasion to bring a new action or suit by reason of such cause having been dismissed for want of security for costs, or by reason of any other cause which could not be plead in bar of an action or suit, or of the loss or destruction of any of the papers or

records in a former action or suit which was in due time; in every such case, notwithstanding the expiration of the time within which a new action or suit must otherwise have been brought, the same may be brought within one year after such abatement, dismissal or other cause, or after such arrest or reversal of judgment or decree, or such loss or destruction, but not after.''

In several cases this Court has pointed out the breadth of the pertinent statute and that, its purpose being remedial, it should be liberally construed for the purpose of accomplishing the intent thereof. *Keener v. Reynolds Transportation Company,* 134 W. Va. 712, 61 S. E. 2d 629; *Bent v. Read,* 82 W. Va. 680, 97 S. E. 286; *Tompkins v. Pacific Mutual Life Ins. Co.,* 53 W. Va. 479, 44 S.E. 439; *Ketterman v. Dry Fork Railroad Co.,* 48 W. Va. 606, 37 S. E. 683. But the breadth of a statute or the duty to construe a remedial statute liberally can not amount to authority to a court to extend a statute to a case wholly beyond its effects.

It will at once be noticed that the saving effect of the pertinent statute quoted above, as applied to the instant case, is made to depend on the former ''cause having been dismissed'' or abated, and that nothing in the amended declaration to which the demurrer of defendant applies, the pertinent paragraph thereof being quoted above, makes any mention of the dismissal or abatement of the first action. Clearly, the allegation to the effect that the trial court ''directed a verdict'' against the plaintiff does not amount to a dismissal or an abatement of the action.

Moreover, this Court has repeatedly held that a dismissal of an action which will save a second action from the effects of a statute of limitations must not be the result of voluntary action on the part of plaintiff, or must not amount to an abandonment of the action by the plaintiff. *Carroll Hardwood Lumber Company v. Stephenson,* 131 W. Va. 784, 51 S. E. 2d 313; *Town of Clendenin v. Ledsome,* 129 W. Va. 388, 40 S. E. 2d

849; *McClung v. Tieche,* 126 W. Va. 575, 29 S. E. 2d 250; *Ketterman v. Dry Fork Railroad Co.,* 48 W. Va. 606, 37 S. E. 683; *Lawrence v. Winifrede Coal Co.,* 48 W. Va. 139, 35 S. E. 925.

In *Sage v. Boyd,* 145 W. Va. 197, 113 S. E. 2d 836, it was held that the "institution of an action against one person does not arrest the running of the statute of limitations with respect to an action against another person." In the instant case, however, it is alleged that the first action was instituted against the defendant named in the second case, and that "through no fault or neglect of the plaintiff the summons was served on the son of the defendant", which allegation, on demurrer, is admitted as true.

Though the pertinent allegations of the declaration are considered as true, they do not establish an involuntary dismissal or abatement of the action first instituted and, therefore, the judgment of the trial court must be affirmed.

*Affirmed.*

CALHOUN, JUDGE, dissenting:

Believing that the majority opinion represents an unnecessarily harsh construction of a statute which has been characterized as "highly remedial", I respectfully dissent.

The majority opinion states that it "clearly" appears that the allegation that the trial court directed a verdict against the plaintiff "does not amount to a dismissal or abatement of the action;" and that the allegations "do not establish an involuntary dismissal or abatement of the action first instituted, * * *."

It is true that a plaintiff may be permitted to take a nonsuit immediately after the court, out of the presence of the jury, has announced its decision to direct a verdict for the defendant and before such verdict has been actually directed. *Lykens v. Jarrett,* 123 W. Va. 631, 17 S. E. 2d 328. Had plaintiff done so in this case, it could hardly be said that, with the directed

verdict impending, such nonsuit would have been "voluntary" in the sense of abandonment of purpose and desire to prosecute the action further.

It is difficult for me to perceive what alternative was available to the plaintiff. The plaintiff "was not bound to move for a reinstatement but could elect to institute a new action, as permitted by Code, 55-2-18." *Keener v. Reynolds Transportation Co.,* 134 W. Va. 712, 719, 61 S. E. 2d 629, 633. A motion to set aside the verdict would have been futile and could have had no basis in reality. The verdict was not directed on the basis of a variance, and hence I fail to see that a motion for leave to amend could have been availing. Alias or other process could not have been issued under code, 56-3-21, because the process was returned executed. In *Keener v. Reynolds Transportation Co.,* 134 W. Va. 712, 718, 61 S. E. 2d 629, 632, the Court stated: "Neither was it neglect on the part of the plaintiff to have failed to have alias process issued in the first action. He had the right to have the court pass upon the sufficiency of the return of process, and he had no right to have such alias process issued after the returns were held insufficient, because of the hiatus that would have existed. See *Dunaway v. Lord,* 114 W. Va. 671, 173 S. E. 568." The only alternative to nonsuit or court order of dismissal of which I can conceive would have been a motion to the court for permission to remand to rules for further process, and that would have been an initial process, as distinguished from alias or pluries process. Remand to rules for further process would have been, in effect, and to all intents and purposes, a new action.

The trial having proceeded to that point, the action of the court in directing a verdict was an adjudication on the merits. It was a final termination of the action in relation to the "defendant" served with process. The action was *functus officio;* and I am unable to perceive any legal and proper way in which the court could have breathed the breath of life into that action at that stage so that it may have been continued or

revived as an action against another and different person.

The declaration in the new action alleges that the plaintiff instituted the previous action and the second action against the same defendant. By the issuance of process in the first action against that defendant, the action came into being against him within the statutory period. *U. S. Oil & Gas Well Supply Co. v. Gartlan and Ahner,* 58 W. Va. 267, pt. 1 syl., 52 S. E. 524; *Nicholas Land Co. v. Crowder,* 127 W. Va. 216, 32 S. E. 2d 563, 567. Just as we do not require of a motorist that he pursue that which, by hindsight, appears to have been the wisest course in a sudden emergency confronting him on the highway, so it seems to me that we should not appraise too harshly the course followed by the plaintiff's counsel when faced with the sudden, perplexing and perhaps unprecedented situation with which he was confronted. I am unable to say that he pursued a course other than one which would have been followed by any other astute and discerning attorney under such circumstances. Indeed, if I comprehend properly the full significance of a directed verdict, it was "the end of the road" so far as that case was concerned. I am unable to comprehend that a verdict directed against a plaintiff constitutes a *voluntary* termination, abandonment or dismissal of the action so far as the losing litigant is concerned. To the extent that the majority opinion holds that the plaintiff *voluntarily* dismissed his action, I feel that it does violence both to the facts of the case and to the letter and spirit of the statute involved.

In the case of *Tompkins v. The Pacific Mutual Life Ins. Co.,* 53 W. Va. 479, 484, 44 S. E. 439, 441, the Court stated: "Our statute seems to be somewhat broader, or, to say the least, more positive and affirmative in the expression of the width of its scope than any of the other statutes; for it says 'if there be occasion to bring a new suit by reason of the said cause having been dismissed for want of security for costs, or by

reason of any other cause, which could not be pleaded in bar of an action,' a new action may be brought within one year after the dismissal. It is a highly remedial statute and ought to be liberally construed for the accomplishment of the purpose for which it is designed, namely, to save one who has brought his suit within the time limited by law, from loss of his right of action by reason of accident or inadvertence, and it would be a narrow construction of that statute to say that, because a plaintiff had, by mistake, attempted to assert his right in a court having no jurisdiction, he is not entitled to the benefit of it." In the case of *McClung v. Tieche,* 126 W. Va. 575, 579, 29 S. E. 2d 250, 252, the Court summarized its prior decisions as follows: "The general rule to be deduced from the foregoing decisions of the Court is that where there has been a dismissal or abatement of an action by the voluntary act of the plaintiff or conduct equivalent thereto the running of the statute of limitations is not suspended by Code, 55-2-18. But if the dismissal is had by reason of accident, inadvertence or erroneous ruling of a trial court or for any reason not attributable to the voluntary act of a plaintiff, or conduct equivalent thereto, the cause of action is saved for one year after the dismissal or abatement under the provisions of the foregoing statute." In the case of *Ketterman v. Dry Fork Railroad Co.,* 48 W. Va. 606, 37 S. E. 683, the second point of the syllabus is as follows: "A summons commencing a suit, which is void because it has a wrong return day, is nevertheless effective to bring into being a suit such that its dismissal by the court for that cause will give one year after its dismissal for a new suit, under the statute of limitations." In the body of the opinion (48 W. Va. at page 609, 37 S.E. at page 684), the Court distinguished this from a case of voluntary dismissal as follows: "The very object of the statute is to give further time for a second action when the first action is for any cause abortive, ineffectual for recovery. No matter what was the cause of the first action's failure, no matter how bad the writ, no matter whether you call it void or voidable, it

is all sufficient to save the second action. It is within the very reason of the statute; it is just the kind of a trouble for which the statute intended to save the second action. It aids the defendant none to cite *Lawrence v. Winifrede*, 35 S. E. 925, holding that a first action dismissed for failure to file a declaration will not save a second from the bar of limitation, as that case was a voluntary dismissal by the party, *whereas here the fault is the clerk's, and the dismissal the act of the law."* (Italics supplied.)

While our West Virginia statute may be broader than similar statutes in other states, a general rule is stated in 54 C.J.S., Limitations of Actions, Section 287, page 347, as follows: "A statute extending the time for the institution of a new action on failure of the original action for reasons other than on the merits is highly remedial, and should be liberally construed in furtherance of its purpose, to afford litigants a hearing on the merits, and is not to be frittered away by any narrow construction; * * *." "The general doctrine is well established, sometimes by reason of express statute, that a properly instituted claim voluntarily abandoned cannot be made available in a subsequent action to save it from the operation of the statute of limitations. *The abandonment, however, must be express or positively implied, as where the plaintiff declares that he voluntarily abandons his action, or by some other voluntary act shows a clear intention to do so. If the reason for such abandonment is sufficiently explained or accounted for so as to relieve it of being voluntary the running of limitations is tolled by the commencement of the action."* (Italics supplied.) 54 C.J.S., Limitations of Actions, Section 290, page 355. "This exception or proviso of the general statute of limitations is intended to reach all those cases where a suit is brought, and the merits of the action fail to be tried without the fault of plaintiff, and the period of limitations becomes complete during the pendency of the suit, and to insure to the diligent suitor the right to a bearing in court until he reaches a judgment on

the merits. The prime object is the saving of causes of action, not the destroying of them." 54 C.J.S., Limitations of Actions, Section 287, pages 346-347. For a collection of cases permitting a new action where the first action fails for reasons relating to process and service thereof, see 142 A.L.R. 1184.

It will be noted that Code, 55-2-18, the statute involved in this case, makes no suggestion of a necessity for revamping, revising or reviving the original action but, on the other hand, the statute throughout saves to the plaintiff a right to institute a "new action or suit." In at least two analogous cases this Court permitted "new" actions and rejected contentions that the former actions were voluntarily dismissed. In *Ketterman v. Dry Fork Railroad Co.*, 48 W. Va. 606, 37 S. E. 683, the trial court "quashed the summons" because, through error on the part of the clerk who issued it, the summons or process was made returnable to an impossible return date. This Court held that a "new" action was proper and rejected the contention that the bringing of such new action amounted to a voluntary dismissal of the first action, stating in that connection that "here the fault is the clerk's and the dismissal the act of the law." By analogy, the fault in the instant case was that of the officer who served the process and "the dismissal the act of the law." In the case of *Keener v. Reynolds Transportation Co.*, 134 W. Va. 712, 61 S. E. 2d 629, the first point of the syllabus is, in part, as follows: "Where a former action has been dismissed because of insufficiency of return of process, Code, 55-2-18, tolls the running of the statute of limitations * * *." The Court specifically rejected a contention that the plaintiff had abandoned the first action, held that he had no right to issue alias process because a "hiatus" would have existed, and stated that the plaintiff was not required to move for reinstatement of the first action "but could elect to institute *a new action as permitted by Code, 55-2-18.*" (Italic Supplied.)

In my judgment, the Court has made a strict, harsh, technical application of a statute which it has previous-

ly characterized as "highly remedial", and that thereby the plaintiff has been denied a right to a trial on the merits, the very thing which, by general authority, the statute is designed to preserve to him in a case such as this.

For the reasons stated herein, I would reverse the judgment of the trial court.