Carolyn ARMOR and Richard
T. Armor, Jr., Plaintiffs,

v.

MICHELIN TIRE CORP.
et al., Defendants.

Civil Action No. 6:95–779.

United States District Court,
S.D. West Virginia,
Parkersburg Division.

April 23, 1996.

George E. Lantz, Lantz & Tebay, Parkersburg, WV, G. Rand Smith, Columbus, OH, Dennis L. Sipe, Buell & Sipe Co., Marietta, OH, for plaintiffs.

James L. McCrystal, Weston, Hurd, Fallon, Paisley & Howley, Cleveland, OH, John F. Polak and Michelle M. Price, King, Allen & Guthrie, Charleston, WV, for defendants.

## *MEMORANDUM OPINION AND ORDER*

HADEN, Chief Judge.

Pending is Defendants' motion for Motion for Summary Judgment. Plaintiffs have responded and Defendants have replied. The Court **GRANTS** the motion.

The standard used to determine whether a motion for summary judgment should be granted or denied has been stated by our Court of Appeals as follows:

A moving party is entitled to summary judgment 'if the pleading, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the moving party is entitled to judgment as a matter of law.' Fed.R.Civ.Pro. 56(c). *See Charbonnages de France v. Smith,* 597 F.2d 406 (4th Cir.1979).

A genuine issue exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In considering a motion for summary judgment, the court is required to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party. *Id.* at 255, 106 S.Ct. at 2514. The plaintiff is entitled to have the credibility of all his evidence presumed. *Miller v. Leathers,* 913 F.2d 1085, 1087 (4th Cir.1990), *cert. denied,* 498 U.S. 1109, 111 S.Ct. 1018, 112 L.Ed.2d 1100 (1991). The party seeking summary judgment has the initial burden to show absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). The opposing party must demonstrate that a triable issue of fact exists; he may not rest upon mere allegations or denials. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. A mere scintilla of evidence supporting the case is insufficient. *Id.*

*Shaw v. Stroud,* 13 F.3d 791, 798 (4th Cir.), *cert. denied,* — U.S. ——, ——, 115 S.Ct. 67, 68, 130 L.Ed.2d 24 (1994). At issue in Defendants' Motion for Summary Judgment is whether Plaintiffs' claim is barred by the West Virginia statute of limitations. There are no material facts in dispute and the Court HOLDS Defendants are entitled to judgment as a matter of law.

## *BACKGROUND*

Plaintiffs originally filed their claims in the Circuit Court of Wood County, West Virginia alleging Ms. Armor was injured in an automobile accident that occurred on June 3, 1991 in West Virginia. The action was filed on June 3, 1993. Plaintiffs alleged the accident was caused by a defective tire manufactured by Defendants. That action was dismissed involuntarily but without prejudice for failure to prosecute on June 24, 1994. Plaintiffs also filed an action in the Court of Common Pleas of Washington County, Ohio, on June 2, 1993 against these Defendants, among others, asserting the same claims arising from the same accident at issue in the West Virginia action. The Ohio action was dismissed without prejudice on September 19, 1994. On September 15, 1995 Plaintiffs filed the instant action in this Court asserting the same claims asserted in the previous actions. Federal subject matter jurisdiction is based on diversity of citizenship.

Plaintiffs moved for voluntary dismissal without prejudice of the Ohio action on September 19, 1994. Plaintiffs' motion request-

ed the Court to "dismiss the within action without prejudice pursuant to Rule 41 of the Ohio Rules of Civil Procedure. This dismissal is without prejudice and Plaintiffs may file the within action within one year of this dismissal." Defs.' Mem.Supp.Summ.J.Ex. D. On September 19, 1994, the Ohio Court granted the motion stating:

> The Court hereby grants, pursuant to Rule 41 of the Ohio Rules of Civil Procedure, the Plaintiff's Voluntary Dismissal of the within action without prejudice. The Plaintiffs maintain the right to refile the within action within one year of the filing of this entry.

Def.s' Mem.Supp.Summ.J.Ex. E. *Rule* 41(A)(2) of the *Ohio Rules of Civil Procedure* states:

> (2) By order of the court. Except as provided in subsection (1) an action shall not be dismissed at the plaintiffs instance except upon order of the court and upon such terms and conditions as the court deems proper.... Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Plaintiffs contend they are entitled to recommence the action in this Court within one year from the date of dismissal of the Ohio case not only because the language of the Ohio Court's order preserves the claim, but also because it is preserved by the Ohio savings statute, Ohio Rev.Code § 2305.19, which states in pertinent part:

> In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff ... may commence a new action within one year of such date....

1. Although West Virginia still follows the doctrine of *lex loci delicti* when determining which state's substantive tort law applies in automobile accident actions, it has modified its strict adherence to the doctrine in at least one context: "The provisions of a motor vehicle liability policy will ordinarily be construed according to the laws of the state where the policy was issued and the risk insured was principally located, unless another

## CONFLICT–OF–LAWS

■ Both parties agree the Ohio savings statute would have saved Plaintiffs' claim had they filed in a court in the State of Ohio by September 19, 1995. Defendants argue, however, and the Court agrees, that because the action was filed in West Virginia rather than Ohio, West Virginia substantive and procedural law controls the action. Because West Virginia law controls, Plaintiffs' claim is not saved by the Ohio statute.

■ West Virginia adheres to the conflict-of-laws doctrine of *lex loci delicti* in automobile accident cases.[1] *Paul v. National Life*, 177 W.Va. 427, 433, 352 S.E.2d 550, 556 (1986). Thus, because the accident at issue occurred in West Virginia, West Virginia substantive law controls. More importantly, West Virginia procedural law also controls.

■ This Court has observed that in diversity cases, federal district courts "must follow the applicable state statute of limitations. In deciding which statute of limitations to apply, this Court must look to the conflicts-of-law rules of the forum state." *Harrison v. Piedmont Aviation, Inc.*, 432 F.Supp. 980, 981 (S.D.W.Va.1977) (citations omitted). Under West Virginia conflict-of-law rules, although the parties' substantive rights are determined by the doctrine of *lex loci delicti*, West Virginia law controls the procedure. The Supreme Court of Appeals of West Virginia has determined statutes of limitations are procedural "so that the applicable statute of the state where the trial is had is applied and governs." *Tice v. E.I. Du Pont De Nemours & Co.*, 144 W.Va. 24, 28, 106 S.E.2d 107, 111 (1958). The Court of Appeals for the Fourth Circuit likewise recognizes that a statute of limitations is a "procedural device." *First United Methodist Church of Hyattsville v. United States Gyp-*

state has a more significant relationship to the transaction and the parties." *Lee v. Saliga*, 179 W.Va. 762, 770, 373 S.E.2d 345, 353 (1988). Even if the Court applied a significant relationship test in the instant action, West Virginia law would control because West Virginia is the forum state, the site of the accident, and the Plaintiffs' residence.

*sum Co.,* 882 F.2d 862, 865 (4th Cir.1989). Because West Virginia is the forum state, the Court will apply the West Virginia statute of limitations.[2]

■ *West Virginia Code* § 55–2–12(b)[3] provides a two year statute of limitations for personal injury claims, *see, e.g., Barney v. Auvil,* 195 W.Va. 733, 466 S.E.2d 801, 806 (1995); *Cecil v. Airco, Inc.,* 187 W.Va. 190, 416 S.E.2d 728, 729 (1992), even when the claims are based on a breach of express or implied warranties. *Taylor v. Ford Motor Co.,* 185 W.Va. 518, 519, 408 S.E.2d 270, 271 (1991). Thus, because Plaintiffs' complaint in this action was filed more than four years after the date of the accident,[4] the West Virginia statute of limitations has run.

■ Although Plaintiffs' action would have been saved by the Ohio savings statute had it been refiled in an Ohio Court, the West Virginia savings statute, *West Virginia Code* § 55–2–18,[5] does not preserve the action. The Supreme Court of Appeals of West Virginia often has noted the breadth of the savings statute and has instructed that "its purpose being remedial, it should be liberally construed for the purpose of accomplishing the intent thereof." *Henthorn v. Collins,* 146 W.Va. 108, 111, 118 S.E.2d 358, 360 (1961). The *Henthorn* Court also pointed out, however, "this Court has repeatedly held that a dismissal of an action which will save a second action from the effects of a statute of limitations must not be the result of volun-

tary action on the part of plaintiff. . . ." *Id.* Syllabus Point 1 in *Henthorn* states: "Code 55–2–18, does not toll the statute of limitations as to a cause of action sued on in a second proceeding, where the first proceeding was by the plaintiff voluntarily dismissed or abated." *Id.,* 146 W.Va. at 109, 118 S.E.2d at 358.

The only federal court to consider the definition of "voluntary" under the West Virginia statute noted:

> While the savings statute itself does not directly address this issue, a line of cases has developed in which the West Virginia Supreme Court has held that a voluntary dismissal by plaintiff of his original action takes the case out of the protection of the savings statute. . . . The West Virginia cases span a long time period and there is some difficulty in determining which types of dismissal are considered "voluntary" and which are not.

*Crawford v. Hatcher,* 804 F.Supp. 834, 837 (S.D.W.Va.1992). Nonetheless, in many instances the voluntary nature of a dismissal is not difficult to determine. *Crawford* noted the West Virginia Court in *Gillespie v. Johnson,* 157 W.Va. 904, 209 S.E.2d 143 (1974), held that a plaintiff who did not contest a motion to dismiss his original suit, but responded by filing a new suit in a different court, had dismissed the action voluntarily. *Crawford,* 804 F.Supp. at 837. The *Crawford* Court concluded " 'voluntary' dismissals

2. Even if statutes of limitations were considered substantive rather than procedural in nature, the West Virginia statute of limitations would apply because West Virginia adheres to *lex loci delicti* and the auto accident at issue occurred in West Virginia.

3. *West Virginia Code* § 55–11–12 similarly provides:

Every personal action for which no limitation is otherwise prescribed shall be brought: . . . (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries. . . .

4. Plaintiffs do not contend the "discovery rule" of *Hickman v. Grover,* 178 W.Va. 249, 358 S.E.2d 810 (1987), applies.

5. *West Virginia Code* § 55–2–18 provides in pertinent part:

If any action or suit . . . commenced within due time, in the name of or against one or more plaintiffs or defendants, abate as to one of them by the return of no inhabitant, . . . or if, in an action or suit, . . . commenced within due time, judgment or decree (or other and further proceedings) for the plaintiffs should be arrested or reversed on a ground which does not preclude a new action or suit for the same cause, or if there be occasion to bring a new action or suit . . . by reason of any other cause which could not be plead in bar of an action or suit, or of the loss or destruction of any of the papers or records in a former action or suit which was in due time; in every such case, notwithstanding the expiration of the time within which a new action or suit must otherwise have been brought, the same may be brought within one year of such abatement, dismissal or other cause, or after such arrest or reversal of judgment or decree, or such loss or destruction, but not after . . .

should be confined to those cases in which the plaintiff has specifically or by implication abandoned his original action." *Id.* That is precisely the situation here; Plaintiffs abandoned the Ohio action in favor of the one before this Court. Further support for the position that the Ohio action was dismissed voluntarily is the Ohio Court's September 19, 1994 order dismissing the action. The order states: "The Court hereby grants, pursuant to Rule 41 of the *Ohio Rules of Civil Procedure,* the Plaintiff's *Voluntary* Dismissal of the action without prejudice." Pls.' Mem. Opp.Summ.J.Ex. A (emphasis added).

The Court concludes Plaintiffs voluntarily dismissed the Ohio action. Because the Complaint in this action was filed more than two years after the accident at issue, Plaintiffs' claims are barred by *West Virginia Code* § 55–2–12(b). Because voluntarily dismissed actions are not saved by *West Virginia Code* § 55–2–18, Defendants are entitled to judgment as a matter of law.[6]

### RES JUDICATA and FULL FAITH AND CREDIT

Plaintiffs also argue the Court should "give full faith and credit to the res judicata effect of the Ohio Judgment Entry of Dismissal." Pls.' Mem.Opp.Summ.J. at 5. Plaintiffs contend this Court is bound by the Ohio Court's September 19, 1994 Dismissal Order allowing them to refile the action within one year of its entry. Neither the doctrine of res judicata nor full faith and credit is applicable to this action.

According to the Supreme Court, "[d]ismissal without prejudice is a dismissal that does not operate as an adjudication upon the merits, Rule 41(a)(1), and thus does not have a res judicata effect." *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 396, 110 S.Ct. 2447, 2456, 110 L.Ed.2d 359 (1990) (internal

quotations omitted). Similarly, the West Virginia Supreme Court pointed out that the doctrine of res judicata requires "the first judgment be rendered on the merits and be a final judgment by a court having competent jurisdiction over the subject matter and the parties." *Conley v. Spillers,* Syl.Pt. 3, 171 W.Va. 584, 301 S.E.2d 216 (1983). The Ohio Court's dismissal order was not the result of an adjudication on the merits of the case. Its ruling does not have res judicata effect.

Similarly, the Full Faith and Credit Clause of Article IV of the United States Constitution protects a state court's substantive decisions rendered on the merits from attack in the courts of other states; it does not, however, require one state to apply another's procedural rules. The Full Faith and Credit clause gives "the judicial proceedings of every other state ... the conclusiveness of judgments upon the merits, when it is sought to carry them into judgments by suits in the tribunals of another state." *McElmoyle v. Cohen,* 38 U.S. (13 Pet.) 312, 324, 10 L.Ed. 177 (1839). The Supreme Court "has long and repeatedly held that the Constitution does not bar application of the forum state's statute of limitations to claims that in their substance are and must be governed by the law of a different state." *Sun Oil Co. v. Wortman,* 486 U.S. 717, 722, 108 S.Ct. 2117, 2121, 100 L.Ed.2d 743 (1988). The *Sun Oil* Court pointed out:

> The Full Faith and Credit Clause does not compel a state to substitute the statutes of other states for its own statutes dealing with a subject matter concerning which it is competent to legislate. Since the procedural rules of its courts are surely matters on which a State is competent to legislate, it follows that a State may apply its own procedural rules to actions litigated in its courts.

---

**6.** If Plaintiffs had filed this action in either a state or federal court in West Virginia by June 23, 1995, the cause of action would have been saved by *West Virginia Code* § 55–2–18 because the Wood County, West Virginia action was involuntarily dismissed on June 24, 1994. The West Virginia action was dismissed because of a failure to prosecute, and the Ohio action was abandoned voluntarily because of Plaintiffs' "need for further expert witness testimony and

the need to determine the extent of the continuing deteriorations of Plaintiff Carol Armor's physical condition." Pls.' Mem.Opp.Summ.J. at 1. Still, at that point, Plaintiffs' cause of action could have been resuscitated in one of two ways: 1) as noted above, by filing in a West Virginia Court by June 24, 1995; and 2) by filing in an Ohio Court by September 19, 1995. Because Plaintiffs followed neither of these courses of action, their action, unfortunately, is barred.

*Id.* (citations and internal quotation marks omitted). Finally, the Court determined that statutes of limitations are not "sufficiently 'substantive' to require full faith and credit." *Id.* at 727, 108 S.Ct. at 2124. Similarly, savings statutes, which are attendant to statutes of limitations, are not sufficiently substantive to require full faith and credit.

 With regard to the relationship between the Full Faith and Credit Clause and statutes of limitations, the Supreme Court of Appeals of West Virginia quoted with approval the United States Supreme Court's conclusion in *Wells v. Simonds Abrasive Co.*, 345 U.S. 514, 516–17, 73 S.Ct. 856, 857, 97 L.Ed. 1211 (1953):

> Long ago, we held that applying the statute of limitations of the forum to a foreign substantive right did not deny full faith and credit. Recently, we referred to . . . the well established principle of conflicts of law that [i]f action is barred by the statute of limitations of the forum, no action may be maintained though action is not barred in the state where the cause of action arose.

*Oakley v. Wagner*, 189 W.Va. 337, 342, 431 S.E.2d 676, 681 (1993) (citations and internal quotation marks omitted). The *Oakley* Court went on to quote from 51 Am.Jur.2d *Limitations of Actions* § 66 (1970):

> Furthermore, the full faith and credit clause does not compel the forum state to use the period of limitations of a foreign state, and this is true whether the foreign right was known to the common law or arises under a foreign statute which has a period of limitations included in the section creating the right.

*Id.* It is clear, irrespective of the Full Faith and Credit Clause, a forum state may apply its own limitations and attendant savings statutes although they may conflict with the law of another state with some relation to the litigation. Thus West Virginia's policy of applying its own statute of limitations in West Virginia judicial proceedings when there is a conflict of laws does not violate the Full Faith and Credit Clause.

Because statutes of limitations and savings statutes are procedural, and because federal courts in West Virginia must, as noted above, follow West Virginia procedural rules, the Court must apply the West Virginia statute of limitations. The Ohio court order, based on Ohio procedural rules, did not and could not determine which rules a court following West Virginia law would apply. Accordingly, the Court **GRANTS** summary judgment for Defendant.