## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Michelle Nicole Evans,**
**Plaintiff Below, Petitioner**

**vs)     No. 16-0288**

**Daniel North et. al.,**
**Defendants Below, Respondents**

**FILED**

**October 17, 2017**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner Michelle Evans[1] appeals the Circuit Court of Berkeley County's February 23, 2016 order dismissing her complaint against Respondent police officers,[2] the Martinsburg Police Department and the City of Martinsburg.[3]  On appeal, Petitioner asserts that the circuit court erroneously ruled that her action was barred by the statute of limitations.  The Court has considered the parties' briefs, oral argument and the record on appeal and finds no substantial question of law and no prejudicial error.  Therefore, in these limited circumstances, this case is appropriate for resolution by memorandum decision pursuant to Rule 21 of the Rules of Appellate Procedure and we affirm the circuit court's order.

Petitioner alleges that on the night of March 7, 2012, she was stopped by the Martinsburg City Police without reasonable cause while driving along West King Street in Martinsburg.  Petitioner claims that Respondent police officers were present at the traffic stop and used unnecessary and excessive force causing her physical and psychological injury.

Petitioner first filed a pro se lawsuit under 42 U.S.C. § 1983 in the United States District Court for the Northern District of West Virginia against the Respondent police officers and the City of Martinsburg alleging claims of excessive force.  Following discovery in that case, Petitioner sought to remand that action to state court and for leave

---

[1] Petitioner is represented by counsel, William Carey.

[2] Respondent police officers are Daniel North, Teresa Gibbons, Craig Phelps and Adam Albaugh.

[3] Respondents are represented by counsel, Keith Gamble.

1

to amend her complaint to remove her § 1983 claims. Because the case originated in federal court, it could not be remanded to state court. Accordingly, the District Court treated Petitioner's request to remand as a request for voluntary dismissal, explaining:

> [Petitioner] is essentially requesting that she be permitted to dismiss her case so that she may attempt to file her claim in Berkeley County Circuit Court. Therefore, this Court construes [Petitioner's] request as a motion to dismiss her complaint pursuant to Federal Rule of Civil Procedure 41. Federal Rule of Civil Procedure 41(a) governs voluntary dismissals.

The federal case was dismissed without prejudice on September 16, 2014. Petitioner did not appeal the dismissal order.

On September 15, 2015—one year after the federal court dismissal and three years after the events at issue—Petitioner filed this case in Berkeley County based on essentially the same facts and claims and added the Martinsburg Police Department as an additional party.[4] She asserts claims for assault and battery against Respondents and relies on the West Virginia savings statute—West Virginia Code § 55-2-18(a)—to toll the two-year statute of limitations. The circuit court granted Respondents motion to dismiss Petitioner's complaint on the grounds that Petitioner's claims were barred by the statute of limitations. Petitioner appeals that order.

Under West Virginia Code § 55-2-12, the statute of limitations for personal injury actions is two years. Acknowledging that her complaint was not filed within the two-year statute of limitations, Petitioner contends that the action was timely pursuant to West Virginia Code § 55-2-18(a), which extends the statute of limitations in limited circumstances:

> (a) For a period of one year from the date of an order dismissing an action or reversing a judgment, a party may refile the action if the initial pleading was timely filed and: (i) the action was involuntarily dismissed for any reason not based upon the merits of the action; or (ii) the judgment was reversed on a ground which does not preclude a filing of new action for the same cause.

---

[4] In state court, Petitioner added one new claim seeking injunctive relief and damages based on the Martinsburg Police Department allegedly maintaining a "rogue's gallery" of photographs of all women who have been arrested in the city for prostitution, which included Petitioner.

W. Va. Code § 55-2-18(a) (2016). The savings statute clearly does not apply to cases that are voluntarily dismissed.[5] Thus, in order to determine whether the savings statute is applicable, we must decide whether Petitioner's federal case was voluntarily or involuntarily dismissed.

Petitioner asserts that she never moved to have her federal case dismissed, but rather, simply sought a transfer of the case to state court. She alleges that the federal court's re-characterization of her motion and sua sponte dismissal of her case was erroneous and that the circuit court should have considered the intent of her motion to remand, not what the federal court ordered.

Observing that it did not have jurisdiction to vacate, modify, or reverse the order of the District Court, the circuit court determined that it was a voluntary dismissal. We find no error with this conclusion and the dismissal of Petitioner's complaint.

With regard to the application of the savings statute, we have cautioned:

> [i]n several cases this Court has pointed out the breadth of the [savings] statute and that, its purpose being remedial, it should be liberally construed. . . . But the breadth of a statute or the duty to construe a remedial statute liberally can not amount to authority to a court to extend a statute to a case wholly beyond its effects.[6]

Because the savings statute clearly is not applicable, we affirm the circuit court's dismissal of Petitioner's claims as barred by the statute of limitations.

Affirmed.

---

[5] *See Henthorn v. Collins*, 146 W. Va. 108, 111, 118 S.E.2d 358, 360 (1961) ("[A] dismissal of an action which will save a second action from the effects of a statute of limitations must not be the result of voluntary action on the part of plaintiff, or must not amount to an abandonment of the action by the plaintiff."); *McClung v. Tieche*, 126 W.Va. 575, 578, 29 S.E.2d 250, 252 (1944) ("Where the former action has been dismissed by the voluntary act of the plaintiff or by conduct equivalent thereto, the statute of limitations is not tolled and a subsequent one, if commenced after the limitation has accrued, is barred."); *Armor v. Michelin Tire Corp.*, 923 F.Supp. 103, 108 (S.D. W.Va. 1996) ("Because the Complaint in this action was filed more than two years after the accident at issue, Plaintiffs' claims are barred by West Virginia Code § 55–2–12(b) . . . voluntarily dismissed actions are not saved" by West Virginia's savings statute).

[6] *Henthorn*, 146 W. Va. at 111, 118 S.E.2d at 360.

**ISSUED:**     October 17, 2017


**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker