# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Randy Davis,**
**Plaintiff Below, Petitioner**

**vs.)  No. 17-0435** (Randolph County 16-C-107)

**Ryan Schooley,**
**Defendant Below, Respondent**

**FILED**

**May 14, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Randy Davis, by counsel Scott Curnutte, appeals the Circuit Court of Randolph County's April 12, 2017, order granting Respondent Ryan Schooley's motion to dismiss petitioner's personal injury claims against him. Respondent, by counsel Matthew Whitler and Anthony J. Delligatti, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in granting respondent's motion to dismiss on the basis that the statute of limitations had accrued.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

On August 17, 2015, petitioner filed Civil Action No. 15-C-130 in the Circuit Court of Randolph County captioned *Davis v. Schooley*. However, he never served the defendant, respondent herein, with that complaint.

In July of 2016, the circuit court sent petitioner a letter inquiring about the delay in service and requesting a show of good cause for the delay. The circuit court received no response from petitioner. On July 27, 2016, respondent filed a motion to dismiss for failure to serve process within 120 days, in accordance with Rule 4(k) of the West Virginia Rules of Civil Procedure. Petitioner did not respond to the motion to dismiss. Ultimately, the circuit court entered an order dismissing the matter without prejudice on August 19, 2016. Petitioner did not appeal that order. On August 22, 2016, petitioner filed a motion to extend time for service in the recently dismissed matter. The circuit court denied the motion on the basis that the prior proceeding had already been dismissed. Petitioner did not appeal the order denying his motion to extend time for service.

On that same date that petitioner filed the motion for extension, he filed the same complaint in a new action, Civil Action No. 16-C-107, also before the Circuit Court of Randolph

1

County. Thereafter, petitioner located respondent in Andover, Minnesota, and served him with the complaint in the second proceeding days later on September 10, 2016. Respondent filed a motion to dismiss alleging that the statute of limitations on petitioner's personal injury claims accrued before this second action was filed. After a hearing on respondent's motion to dismiss, the circuit court granted the motion to dismiss on April 12, 2017, on the basis that the statute of limitations had accrued. Petitioner appeals that order.

"Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick,* 194 W.Va. 770, 461 S.E.2d 516 (1995). Additionally, "[w]here the issue on an appeal is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.,* 194 W.Va. 138, 459 S.E.2d 415 (1995).

On appeal, petitioner argues that the circuit court erred in dismissing his second complaint on the basis that the statute of limitations accrued. He asserts that the circuit court should have applied West Virginia Code § 55-2-18, also known as the saving statute, and denied respondent's motion to dismiss. Petitioner contends that his previous complaint was involuntarily dismissed for a failure to timely serve process and that exception is clearly covered by the saving statute. We disagree.

West Virginia Code § 55-2-18 provides as follows:

(a)    For a period of one year from the date of an order dismissing an action or reversing a judgment, a party may re-file the action if the initial pleading was timely filed and (i) the action was involuntarily dismissed for any reason not based upon the merits of the action or (ii) the judgment was reversed on a ground which does not preclude a filing of new action for the same cause.

(b)    For purposes of subsection (a) of this section, a dismissal not based upon the merits of the action includes, but is not limited to:
. . .
(3) A dismissal for failure to have process timely served, whether or not the party is notified by the court of the pending dismissal.

In regard to this statute, this Court has previously pointed out its remedial purpose and has held that it should be liberally construed for the purpose of accomplishing its intent. *Henthorn v. Collins*, 146 W.Va. 108, 111, 118 S.E.2d 358, 360 (1961). However, "a dismissal of an action which will save a second action from the effects of a statute of limitations must not be the result of voluntary action on the part of plaintiff, or must not amount to an abandonment of the action by the plaintiff." *Henthorn*, 146 W.Va. at 111, 118 S.E.2d at 360. Further, "[w]here the former action has been dismissed by the voluntary act of the plaintiff or *by conduct equivalent thereto*, the statute of limitations is not tolled and a subsequent action, if commenced after the limitation has accrued, is barred." *McClung v. Tieche*, 126 W.Va. 575, 578, 29 S.E.2d 250, 252 (1944) (emphasis added). Finally, "good faith and diligence of the party invoking the benefits of the statute . . . is a necessary qualification in the absence of which he must be denied the saving provision of the statute respecting a second suit." *Bent v. Read*, 82 W.Va. 680, 688, 97 S.E. 286, 289 (1918).

The record is devoid of any action taken by petitioner to save his previous case prior to dismissal. Petitioner did not respond to the circuit court's request to show good cause for the delay in service of process or to respondent's motion to dismiss. Petitioner did not include any explanation for his failure to provide service on respondent in the record. Now, on appeal, petitioner asserts for the first time that he could not locate respondent to provide service to him. However, he did not provide any evidence of his attempts to locate respondent. This Court has previously held that an action can be saved by this statute when there is an attempt at process and a showing of good faith and diligence. See *Ketterman v. Dry Fork R. Co.*, 48 W.Va. 606, 609, 37 S.E. 683, 684 (1900) (a dismissal based on a defect in the summons deemed an involuntary dismissal). Unlike *Ketterman*, petitioner's failure to effectuate service in Civil Action No. 15-C-130 was not due to mistake or defect. Instead, it is apparent from the record that petitioner simply made no effort to serve the respondent. Therefore, we cannot find that petitioner's previous case was pursued diligently. Finally, as it is our holding that the dismissal of petitioner's previous complaint was, in effect, voluntary, we find no error in the circuit court's dismissal of petitioner's second complaint on the basis that the statute of limitations had accrued.

For the foregoing reasons, the circuit court's April 12, 2017, order dismissing petitioner's complaint is hereby affirmed.

Affirmed.

**ISSUED:** May 14, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

3