## CHARLESTON.

### RYAN *v.* PINEY COAL & COKE Co.

Submitted September 9, 1910.     Decided November 7, 1911.

LIMITATIONS OF ACTIONS—*Computation—Commencement of Action—New Action After Dismissal.*

> One whose action, commenced within the time allowed by law, has been erroneously dismissed on a plea in abatement for variance between the writ and the declaration, after refusal to permit an amendment of the writ, may bring a new action, having the same purpose as the one dismissed, within a year after the date of dismissal, though after his right of action would have been barred by limitation, had the dismissed action not been instituted. , (pp. 692 to 694).

Error to Circuit Court, Raleigh County.

Action by C. C. Ryan against the Piney Coal & Coke Company. Judgment for defendant, and plaintiff brings error.

*Reversed and Remanded.*

*T. N. Read* and *A. A. Lilly,* for plaintiff in error.

*Watts, Davis & Davis,* for defendant in error.

POFFENBARGER, JUDGE:

For a variance between the writ and declaration the plaintiff's action for damages for a personal injury was dismissed, the court having refused leave to amend the writ, which· was in *assumpsit,* so as to make it correspond with the declaration, ·which was in trespass on the case.

Soon after the dismissal, but more than a year after the date of the injury, the plaintiff instituted a new action in trespass on the case. In the declaration, he averred the dismissal of his first action and the cause thereof, and relies upon section 19 of chapter 104 of the Code of 1906, allowing an additional one year in which to bring a new action in case of dismissal of one commenced within due time on a ground which does not preclude a new action for the same cause, or by reason of any other cause, which could not be pleaded in· bar of an action. To this new action, the defendant interposed another plea, founded upon

the dismissal and denying the application of the statute relied
upon as excepting the case from the application of the general
statute of limitations. It also plead the statute of limitations.
To the plea of the statute of limitations, there was a replication.
Having overruled an objection to the plea, designated as Plea
No. 2, the court determined the issue on said plea in favor of
the defendant and dismissed said second action.

The construction of the statute involved has been fairly well
settled in *Lawrence* v. *Coal Co.*, 48 W. Va. 139, denying the
benefit thereof to a party who has taken a voluntary non-suit
or the equivalent thereof, *Ketterman* v. *Railroad Co.*, 48 W. Va.
606, allowing it in a case of dismissal for a fatal defect in the
summons, and *Tompkins* v. *Life Ins. Co.*, 53 W. Va. 479, grant-
ing it to a party whose action, commenced in the wrong court,
had been dismissed for want of jurisdiction. In the first and last
of these three cases, several decisions of other courts, construing
similar statutes, are reviewed and analyzed. Our interpretation
of the statute, based upon its terms and the general principle
and object of statutes of its class, as defined by the courts and
text-writers, makes its application depend largely upon the good
faith and diligence of the party invoking it.

We are of the opinion that the plaintiff in error is within
the spirit as well as the letter of the statute. As the dismissal
was the result of court action and not abandonment by the plain-
tiff, it was involuntary, even though it may have been erroneous,
by reason of refusal of the court to permit amendment of the
writ to make it correspond with the declaration, as authorized
by section 15 of chapter 125 of the Code, *(Barnes* v. *Grafton,*
61 W. Va. 408, 410)*, and the error acquiesced in. Every dis-
missal not purely voluntary, nor attributable solely to the neg-
ligence of the plaintiff, makes a case within the excepting statute.
Here we have the elements of court action over the protest of
the plaintiff, and fault on the part of the court alone, the plain-
tiff having offered to amend.

Liberality in the construction of this statute is warranted by
its remedial character and also by the nature of its subject mat-
ter. A party whose action has once been commenced and then
dismissed occupies naturally a position radically different from
one who never sued within the period allowed for action by the
statute of limitations. There can be no presumption of abandon-

ment of claim, on which the statute is founded, in his case. His dismissed action negatives that presumption. This is the obvious basis of the differentiation made by the legislature. Naturally, therefore, only voluntary dismissals, or equivalents thereof, are excluded from the benefit of the saving section of the statute. To a limited extent, the common law, unaided by statute, made an exception on this ground. 25 Cyc. 1313.

We reverse the judgment, sustain the objection to defendant's special Plea No. 2 and strike it out and remand the case for further proceedings.

*Reversed and Remanded.*