Oscar Madison Litten, Jr.

*v.*

Robert Odel Peer
*and* Glenna Marlene Adam

(No. 13171)

Submitted May 15, 1973.          Decided June 26, 1973.

*Edwin C. Runner,* for appellants.

*Richard W. Cardot, George I. Sponaugle,* for appellee.

Sprouse, Judge:

This case is before the Court upon a writ of error and supersedeas to the final judgment of the Circuit Court of Pendleton County, by which judgment the circuit court

set aside a jury verdict and granted the plaintiff a new trial in an action instituted by Oscar Madison Litten, Jr., as the plaintiff, against Robert Odel Peer and Glenna Marlene Adam, as the defendants.

The two questions urged for consideration are whether the action in the circuit court was barred either by the statute of limitations or by the doctrine of res judicata or by both defenses.

The plaintiff Litten, and the defendants, Peer and Adam, were involved in an automobile collision in Harrisonburg, Virginia on March 12, 1968. The facts of the accident are not germane to the problems presented here.

The plaintiff on June 16, 1969, first instituted an action in the United States District Court for the Northern District of West Virginia to recover damages for personal injuries resulting from the collision. The defendants filed an answer and counterclaim, and the case was matured for trial. On the day assigned for the trial of the action in the United States District Court, the defendants appeared in person and by counsel, but the plaintiff failed to appear in person. He was represented before the court by associate counsel in the case. The associate counsel for the plaintiff reported to the court that he had been informed by chief counsel that the plaintiff was ill and could not attend the trial. Diligent effort to contact the plaintiff and the chief counsel was unavailing.

As a consequence, on that day, February 9, 1970, the court entered an order pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure. The order dismissed the action for want of prosecution subject to the right of the plaintiff to file a written petition showing cause why such order should not become final.

A second order, designated a "Memorandum Order", was entered by the United States District Court on September 30, 1970, which is in part as follows:

" * * * The Court having dismissed the action by order dated February 9, 1970, allowed Plaintiff

thirty (30) days to move for a hearing under Rule 60 (b), Federal Rules of Civil Procedure, and to show cause why the dismissal should not become final.

"After careful consideration of the arguments of counsel, the Court concludes that Plaintiff has failed to explain satisfactorily the absence of Plaintiff, Plaintiff's chief counsel, Plaintiff's associate counsel, and Plaintiff's witnesses on the day assigned for trial of the above styled civil action.

"Accordingly, it is ADJUDGED and ORDERED that the defendants prevail in their motion to strike the complaint under Rule 41 (b) of the Federal Rules of Civil Procedure and that the same be dismissed with prejudice.

"Defendants having twice advised the Court that they would dismiss their counterclaim if successful on the motion here considered, it is accordingly ADJUDGED and ORDERED that the counterclaim of said defendants be dismissed with prejudice. * * *"

The court on October 27, 1970, entered a third order reciting that the plaintiff's motion to vacate the order of September 30, 1970, had been considered and, upon the entire record, the court found no additional matters which would suggest or compel the court to amend or modify its earlier conclusion. The plaintiff's motion was overruled.

A fourth order, not further explained in the record before us, was entered by the United States District Court on November 17, 1970. It recites:

"The term 'dismissed with prejudice' as employed in this Court's memorandum order of September 30, 1970, and this Court's order of October 27, 1970, is limited to the continuation, maintenance, reinstitution or reactivation of the above styled civil action and the cause of action between the parties hereto in this Court."

As has been indicated, the plaintiff's complaint was filed in the United States District Court on June 16, 1969,

within the time limitations required by the Code of West Virginia, 1931, 55-2-12, as amended.

Following the dismissal with prejudice in the United States District Court under Rule 41(b) of the Federal Rules of Civil Procedure, the plaintiff instituted his action against the defendants in the Circuit Court of Pendleton County on December 5, 1970. This was not within the two years as required by Code, 1931, 55-2-12, as amended. However, Code, 1931, 55-2-18, extends that time limitation for an additional year in certain circumstances. If this case falls under the provisions of that section, the complaint would have been timely filed in our state court.

The defendants filed a timely motion to dismiss the action, alleging that it was barred by the statute of limitations (Code, 1931, 55-2-12, as amended). By an amended motion, they assigned the additional ground that the action was barred by the doctrine of res judicata. The defendants alleged that the action of the United States District Court in dismissing the action with prejudice was an adjudication on the merits and a bar to any subsequent suit on the same claim. The circuit court, by an order entered on May 10, 1971, overruled the defendants' amended motion to dismiss and denied the defendants' motion to certify the ruling to this Court.

The case was tried in the circuit court upon the complaint of the plaintiff and the counterclaim of the defendants. The jury returned a verdict finding that neither the plaintiff nor the defendants had a right to recover. On June 14, 1971, the circuit court granted the motion of the plaintiff to set aside the jury verdict and grant a new trial over the objection of counsel for the defendants. The defendants renewed their demand for dismissal on the same grounds as previously argued.

Counsel for the plaintiff maintains that the statute of limitations was tolled pursuant to the provisions of Code, 1931, 55-2-18, during the pendency of the proceeding in the United States District Court and that the action of the

United States District Court, in dismissing the action with prejudice, only barred the reinstitution of the action in the United States District Court and did not operate as any such bar in the circuit court.

It is clear, absent any consideration of the doctrine of res judicata, that the plaintiff's action filed in the Circuit Court of Pendleton County would not be barred by the statute of limitations, although more than two years had passed from the time of the alleged negligence to the filing of the complaint, since the involuntary dismissal of the complaint would extend the time for filing a new complaint for a period of one year from the date of such dismissal. Code, 1931, 55-2-18; *Carroll Hardwood Lumber Company v. Stephenson,* 131 W.Va. 784, 51 S.E.2d 313; *Ryan v. Piney Coal & Coke Co.,* 69 W.Va. 692, 73 S.E. 330. The complaint was filed within that year. The extension granted by this provision of our law applies whether the first action was in another state court or in a federal court. 51 AM. JUR. 2d, *Limitation of Actions,* Section 307, page 811; Annot., 156 A.L.R. 1097 and cases cited therein. See also *Tompkins v. The Pacific Mutual Life Insurance Company,* 53 W.Va. 479, 44 S.E. 439.

It is equally clear, however, that the tolling provisions of Code, 1931, 55-2-18, do not destroy the doctrine of res judicata. In fact the contrary is true. If prior legal actions in a given case invoke the principle of res judicata, barring subsequent action, the principle of res judicata nullifies the application of the tolling statute (Code, 1931, 55-2-18). *American Nat. Bank & Trust Co. of Chicago v. United States,* 142 F.2d 571 (D.C. Cir.). The language of Code, 1931, 55-2-18, reinforces this conclusion, stating that the statute applies provided "there be occasion to bring a new action or suit by reason of such cause having been dismissed for want of security for costs, or by reason of any other cause which could not be plead in bar of an action or suit, * * * ."

The determining question, therefore, does not relate to the statute of limitations nor to the possible tolling of

it, but to the question of whether the disposition of the plaintiff's case in the United States District Court for the Northern District of West Virginia is res judicata and bars the action in the Circuit Court of Pendleton County.

In deciding whether res judicata applies, it makes no difference that the first action was started in a federal court and the second in a state court. A court, of course, decides its own jurisdiction, however, "The effect of a judgment as res judicata is 'substantive' and other jurisdictions must regard it as being as broad and conclusive as it would be in the jurisdiction in which it was rendered." 2B BARRON & HOLTZOFF, FEDERAL PRACTICE AND PROCEDURE 163 (Rules Ed.).

The dismissal of the plaintiff's case in the federal trial court was involuntary and resulted from the failure to prosecute. The court indicated the dismissal was "with prejudice". At common law such dismissal was not considered a dismissal on the merits of the case. It was, therefore, not a res judicata bar to a subsequent action on the same cause of action. *Haldeman v. United States,* 91 U.S. 584; 46 AM. JUR. 2d, *Judgments,* Section 505, pages 659-60. There was a split of authority over the effect in this connection of a dismissal "with prejudice". 46 AM. JUR. 2d, *Judgments,* Section 506, page 660.

The rule at common law, however, has no force in this case. It was abrogated in the federal courts by Rule 41 (b) of the Federal Rules of Civil Procedure and by similar rules in many state jurisdictions including West Virginia. *Annot.,* 54 A.L.R.2d 473; LUGAR & SILVERSTEIN, WEST VIRGINIA RULES 334. It is Rule 41 (b) of the Federal Rules of Civil Procedure that governs this litigation. It provides in pertinent part:

> "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. * * * Unless the court in its order for dismissal otherwise specifies, a dismissal 'under this subdivision and any dismissal not provided for in this rule, other than

a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."

The language of Rule 41 (b) of the Federal Rules of Civil Procedure and its similar provisions in some state jurisdictions seems clear as to the effect on finality of dismissals under its provisions. LUGAR & SILVERSTEIN, WEST VIRGINIA RULES 334; Annot., 5 A.L.R. Fed. 897. However, a number of Federal courts have interpreted the provisions of the rule in a more limited context and held that, since Rule 41 (b) is in derogation of the common law, it will be strictly construed. Although the cases deal with different substantive matters, the rationale running through those decisions holds there will be no bar to a second suit if the first suit was dismissed under 41 (b) under circumstances where the merits of the case had not been reached. *Saylor v. Lindsley,* 391 F.2d 965 (2d Cir.); *Zaroff v. Holmes,* 379 F.2d 875 (D.C. Cir.); *Madden v. Perry,* 264 F.2d 169 (7th Cir.); Annot., 5 A.L.R. Fed. 897.

The criteria for all these decisions were set by the Supreme Court of the United States in *Costello v. United States,* 365 U.S. 265. *Costello* involved a denaturalization proceeding in a United States District Court. One of the requisites of such a proceeding is that the government preliminarily file an affidavit of good cause before proceeding to revoke a citizenship. The government had neglected to file such an affidavit in the first proceeding, and the district court had dismissed the case for that reason under the provisions of Rule 41 (b) of the Federal Rules of Civil Procedure. On an appeal from the second proceeding *Costello* contended that the Rule 41 (b) dismissal of the first action was res judicata and barred the government from further denaturalization action. The Supreme Court held that dismissal for failure to file the affidavit was jurisdictional in that the plaintiff did not satisfy a precondition and the court's action in dismissing for such reasons did not reach the merits of the case. The prior dismissal therefore did not bar the subsequent action.

The Court went on to discuss the rationale of 41 (b):

"At common law dismissal on a ground not going to the merits was not ordinarily a bar to a subsequent action on the same claim. In Haldeman v. United States, 91 US 584, 585, 586, * * * which concerned a voluntary nonsuit, this Court said, 'there must be at least one decision on a *right* between the parties before there can be said to be a termination of the controversy, and before a judgment can avail as a bar to a subsequent suit. ... There must have been a right adjudicated or released in the first suit to make it a bar, and this fact must appear affirmatively.' A similar view applied to many dismissals on the motion of a defendant. In Hughes v. United States, 4 Wall 232, 237, * * * it was said: 'In order that a judgment may constitute a bar to another suit, it must be rendered in a proceeding between the same parties or their privies, and the point of controversy must be the same in both cases, and must be determined on its merits. * * * .'

"We do not discern in Rule 41 (b) a purpose to change this common-law principle with respect to dismissals in which the merits could not be reached for failure of the plaintiff to satisfy a precondition. All of the dismissals enumerated in Rule 41 (b) which operate as adjudications on the merits—failure of the plaintiff to prosecute, or to comply with the Rules of Civil Procedure, or to comply with an order of the Court, or to present evidence showing a right to the relief on the facts and the law—primarily involve situations in which the defendant must incur the inconvenience of preparing to meet the merits because there is no initial bar to the Court's reaching them. It is therefore logical that a dismissal on one of these grounds should, unless the Court otherwise specifies, bar a subsequent action. In defining the situations where dismissals 'not provided for in this rule' also operate as adjudications on the merits, and are not to be deemed jurisdictional, it seems reasonable to confine them to those situations where the policy behind the enumerated grounds is equally applicable. Thus a sua sponte dismissal by the Court for failure of the plaintiff to comply with an

order of the Court should be governed by the same policy. Although a sua sponte dismissal is not an enumerated ground, here too the defendant has been put to the trouble of preparing his defense because there was no initial bar to the Court's reaching the merits. See United States v Proctor & Gamble Co., 356 US 677, 680, and footnote 4 * * * American Nat. Bank & Trust Co. v United States, 79 US App DC 62, 142 F2d 571."

As can be seen, the Court specially indicates that dismissals under 41 (b) for failure to prosecute "involve situations in which the defendant must incur the inconvenience of preparing to meet the merits because there is no initial bar to the Court's reaching them" and that "[i]t is therefore logical that a dismissal * * * should, unless the Court otherwise specifies, bar a subsequent action."

The defendants Peer and Adam were present and ready for trial on the day set for trial in the United States District Court for the Northern District of West Virginia. The defendants had been put to the inconvenience of meeting the merits. There was no bar to the court's reaching the merits. Even had the court not so indicated, the dismissal due to plaintiff's failure to prosecute was a dismissal with prejudice and on the merits of the case.

It has always been the policy of this Court to protect each litigant's day in court. On the other hand, it is also the policy of enlightened judicial bodies to encourage the prompt and efficient dispatch of litigation. In our modern and heavily concentrated population this is indeed necessary in order that each litigant may have his right to a "day in court" fulfilled. This is the theory of Rule 41 (b) —a litigant must have his just opportunity and access to the courts but the opportunities and access cannot be abused at the expense of other litigants. The plaintiff here had ample access to the court and opportunity to litigate his controversy. He failed to take advantage of it and the dismissal of his case in the district court for failure to prosecute was with prejudice and a disposition by that court which reached the merits of the case. It was

therefore res judicata and bars the plaintiff's present action in the Circuit Court of Pendleton County.

For reasons stated in this proceeding, the judgment of the Circuit Court of Pendleton County is reversed.

*Reversed.*