617 F.2d 43
 John STARE, Linda Stare, Individually, Appellants,
v.
Mae McDonald PEARCY, Appellee.
John STARE, Linda Stare, Individually, Appellants, and as
guardians of their minor children, Kelly Stare,
John Stare, and David Stare; Kelly
Stare, John Stare, David
Stare, all minors, Plaintiffs,
v.
Mae McDonald PEARCY, Appellee.
 Nos. 75-2331, 78-1033.
 United States Court of Appeals,
Fourth Circuit.
 Argued Dec. 7, 1978.
Decided March 4, 1980.
 
 Patricia Valentino (Thomas C. Simiele, Cleveland, Ohio, on brief), for appellants.
 James M. Wilson, Clarksburg, W. Va. (Steptoe & Johnson, Clarksburg, W. Va., on brief), for appellee.
 Before HAYNSWORTH, Chief Judge, FIELD, Senior Circuit Judge, and PHILLIPS, Circuit Judge.
 HAYNSWORTH, Chief Judge:
 
 
 1
 Giving West Virginia's "savings statute" permitting the commencement of a new action after dismissal of a previous action without resolution of the merits a narrow reading, the district judge dismissed this action on the ground that West Virginia's two-year statute of limitations had run before the action's commencement. We think the savings statute should receive a broader construction and reverse.
 
 
 2
 The plaintiffs, husband and wife and citizens of Ohio, received personal injuries when their automobile was involved in a collision in West Virginia with an automobile being driven by the defendant. After the passage of many months, but before the expiration of the two-year period prescribed for personal injury actions both in Ohio and in West Virginia, the plaintiffs filed an action in the United States District Court for the Northern District of Ohio, seeking damages from the defendant for their personal injuries. The defendant, a citizen and resident of West Virginia, promptly received a copy of the complaint, and she objected that there was no personal jurisdiction over her in the Northern District of Ohio. For want of personal jurisdiction over the defendant, the Ohio action was dismissed, but by this time the two-year limitations period had expired.
 
 
 3
 The plaintiffs then filed an action in the Northern District of West Virginia where personal jurisdiction of the defendant was obtained.
 
 
 4
 That action in the Northern District of West Virginia was dismissed, however, on the ground that more than two years had elapsed since the plaintiffs suffered their injuries.[1] The district court held that the West Virginia statute permitting the filing of a second action within twelve months of the dismissal of an earlier action upon grounds which would not preclude the filing of a second action would not apply if the first action was in a court outside the State of West Virginia.
 
 
 5
 The plaintiffs then commenced a third action, this time in the United States District Court for the Northern District of Ohio and moved for its transfer from the Northern District of Ohio under the provisions of 28 U.S.C.A. § 1406(a). The transfer was ordered, but the district court for the Northern District of West Virginia again dismissed the action on the basis of West Virginia's statute of limitations and without reference to Ohio's savings statute.
 
 
 6
 We need not consider whether the transfer of the third action from the Northern District of Ohio to the Northern District of West Virginia carried with it Ohio's savings statute, for we think the second action filed initially in the Northern District of West Virginia was saved by West Virginia's savings statute.
 
 
 7
 There are a number of cases applying a "general rule"[2] that such a savings statute does not apply if the original suit was commenced in another forum or jurisdiction.[3] In none of those cases, however, is there any reasoned explanation for such a rule. They suggest no rational basis for a distinction, saving a second case if the plaintiffs' first frustrated effort was commenced in one forum but not if it was commenced in another. The only suggestion in any of those cases that we have seen is that the commencement of an action in a foreign forum is not controlled by the statute of limitations of the state in which the second action is filed. Of course, there would be a problem if the statute of limitations in the state of first filing was longer than that of the state of second filing and the period of the latter statute had run when the foreign action was first filed, but that is a problem which should be capable of resolution under principles of conflict of laws, or, more likely, by construing the savings statute as applying only when the first action was commenced within the period limited by the statute of the forum state. There is, of course, no such problem here for Ohio and West Virginia both prescribed a two-year period of limitations for this kind of tort action, and the first Ohio action was commenced before the expiration of the West Virginia statutory period. And, of course, it simply is untrue that the statute of limitations of a given state never controls the commencement of actions in foreign forums.
 
 
 8
 The "general rule" is not universal. There are cases going the other way.[4] These cases simply reflect a different philosophical approach to the problem. They give to savings statutes a liberal construction to serve their intended purpose to save good causes of action after the abortion of an earlier proceeding, and such a construction is entirely consistent with the whole statutory scheme of time limitations upon commencement of actions. The defendant here was informed of the commencement of the action in the Northern District of Ohio and received a copy of the complaint. The notice that she thus received that the plaintiffs were seeking judicial enforcement of their claims was no less in kind or quality than it would have been if the first action had been filed in a court in West Virginia, though later aborted. If the claim cannot be said to be stale if the first action had been filed in West Virginia, there is no greater reason to find that it was stale because filed in the Northern District of Ohio. The defendant must defend on the merits the claim of the children. There is no intrinsic unfairness to her in requiring that she also defend on the merits the claims of the parents.
 
 
 9
 West Virginia's savings statute (§ 55-2-18) is broadly written. In pertinent part it provides:
 
 
 10
 If any action or suit commenced within due time . . . should be arrested or reversed on a ground which does not preclude a new action or suit for the same cause, or if there be occasion to bring a new action or suit by reason of such cause having been dismissed for want of security for costs, or by reason of any other cause which could not be pled in bar of an action or suit . . . the same may be brought within one year after such . . . dismissal . . . or after such arrest or reversal . . . .
 
 
 11
 A normal reading of its language will not distinguish between a first action commenced in the Northern District of Ohio and a first action commenced in the Northern District of West Virginia. That West Virginia would not insist that the first action must have been filed in a West Virginia state court is clearly demonstrated by Tompkins v. Pacific Mut. Life Ins. Co., 52 W.Va. 479, 44 S.E. 439 (1903). There, the first action had been commenced in the old United States Circuit Court for West Virginia and had been dismissed for want of jurisdiction. The West Virginia Supreme Court of Appeals held that the savings statute permitted the filing of a second action in a West Virginia state court within one year after the dismissal of the federal action. The principal objection in Tompkins, however, was not that the first action had not been commenced in a West Virginia state court, but that it had been commenced in a court without jurisdiction to entertain it. That objection was rejected, and the court held that West Virginia's savings statute was entitled to a liberal interpretation. After referring to some cases going the other way, it said:
 
 
 12
 "Our statute seems to be somewhat broader, or, to say the least, more positive and affirmative in the expression of the width of its scope, than any of the other statutes; . . . . It is a highly remedial statute, and ought to be liberally construed for the accomplishment of the purpose for which it was designed, namely, to save one, who has brought his suit within the time limited by law, from loss of his right of action by reason of accident or inadvertence; and it would be a narrow construction of that statute to say that, because a plaintiff had, by mistake, attempted to assert his right in a court having no jurisdiction, he is not entitled to the benefit of it."
 
 
 13
 44 S.E. at 441.
 
 
 14
 This was a forceful repetition of an earlier declaration. Ketterman v. Dry Fork R. Co., 48 W.Va. 606, 37 S.E. 683 (1900). There a defective summons was properly quashed. The defendant contended that the first action had never been commenced. The West Virginia Supreme Court of Appeals said, however, that
 
 
 15
 "The very object of the (savings) statute is to give further time for a second action when the first action is for any cause abortive, ineffectual for recovery. No matter what was the cause of the first action's failure, no matter how bad the writ, no matter whether you call it void or voidable, it is all sufficient to save the second action. It is just the kind of trouble for which the statute intended to save the second action."
 
 
 16
 37 S.E. at 684.
 
 
 17
 In Litten v. Peer, 156 W.Va. 791, 197 S.E.2d 322 (1973), the Supreme Court of Appeals of West Virginia was faced with a factual situation similar to that confronted in Tompkins. The initial action in Litten had been filed in federal court. The second action was filed in state court within the period allowed by the savings statute. In reaffirming the holding of Tompkins, the court stated, "The extension granted by this provision (the savings statute) of our law applies whether the first action was in another state court or in a federal court." 197 S.E.2d at 325. Thus, had the original action in Litten been filed in a court of another state, the Supreme Court of Appeals of West Virginia would have held the savings statute applicable.
 
 
 18
 The effect of these West Virginia cases is not impaired by Stevens v. Saunders, W.Va., 220 S.E.2d 887 (1975). That case did not involve successive actions. The plaintiff sought to commence a suit, but had not filed all of the papers necessary for the issuance of a summons when the statutory period expired. By a divided vote of three to two, the Supreme Court of West Virginia held that the action had not been commenced in time, for it construed its rules regarding the commencement of a law suit to mean that the suit was not commenced before the filing of all of such papers. That case had nothing to do with the construction of the savings statute, which, of course, was unmentioned in the opinion.
 
 
 19
 Thus we are not without guidance from the Supreme Court of West Virginia, which has told us that West Virginia's savings statute is to be liberally construed and has rejected a narrower reading of the statutes of other states. In dicta, that court has indicated that the approach we adopt here is the appropriate one. This strongly suggests that we follow those cases liberally construing comparable statutes to hold them applicable in situations altogether comparable to the factual situation here.[5]
 
 
 20
 Giving this statute the liberal construction we must, we conclude that the plaintiffs' action in the Northern District of West Virginia was filed in time.
 
 
 21
 REVERSED.
 
 FIELD, Senior Circuit Judge, dissenting:
 
 22
 With no definitive guidance from the Supreme Court of Appeals of West Virginia in this Erie -controlled case, the majority holds that the West Virginia saving statute applies to an action initially filed in a foreign state as well as to actions originally filed within the State of West Virginia. In doing so the majority turns its back on the general rule which has been followed in an almost unbroken line of decisions of both state and federal appellate courts. Andrew v. Bendix Corp., 452 F.2d 961 (6 Cir. 1971), cert. denied, 406 U.S. 920, 92 S.Ct. 1773, 32 L.Ed.2d 119 (1972); Riley v. Union Pacific Railroad Company, 182 F.2d 765 (10 Cir. 1949); Estate of Tuckman v. Estate of Cottle, 175 F.2d 775 (10 Cir. 1949); High v. Broadnax, 271 N.C. 313, 156 S.E.2d 282 (1967); Morris v. Wise, 293 P.2d 547, 55 A.L.R.2d 1033 (Okl.1956). See 51 Am.Jur.2d Limitation of Actions § 306 (1970); Annot., 55 A.L.R. 1038 (1957). The rule consistently followed in these cases was succinctly stated by the Sixth Circuit in Andrew v. Bendix, supra, where the court, in construing the Ohio saving statute, made the following observation:
 
 
 23
 In the light of logic and the applicable decisions from other jurisdictions we conclude that the Supreme Court of Ohio would hold, as we therefore do, that Ohio Revised Code § 2305.19, which permits the commencement of a new action when a former timely filed suit on the same cause has been dismissed otherwise than on its merits within one year of such commencement, has application only where the first action had been filed within the State of Ohio, and specifically that it is without application where the first suit was filed in a federal or state court in another state. (Emphasis added).
 
 
 24
 452 F.2d at 963, 964.
 
 
 25
 The majority suggests that in none of those cases is there any reasoned explanation for such a rule nor any rational basis for the distinction between an action initially filed within the forum state and one filed in a foreign jurisdiction. As recently as this past November the Supreme Court recognized that a plea of the statute of limitations is a "meritorious defense, in itself serving a public interest", United States v. Kubrick (November 28, 1979), --- U.S. ----, 100 S.Ct. 352, 62 L.Ed.2d 259, and observed:
 
 
 26
 Statutes of limitation, which "are found and approved in all systems of enlightened jurisprudence." Wood v. Carpenter, 101 U.S. 135, 139, 25 L.Ed. 807 (1879), represent a pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified period of time and that "the right to be free from stale claims in time comes to prevail over the right to prosecute them." Order of Railway Telegraphers v. Railway Express Agency, 321 U.S. 342, 349, 64 S.Ct. 582, 586, 88 L.Ed. 788 (1944). These enactments are statutes of repose; and although affording plaintiffs what the legislature deems a reasonable time to present their claims, they protect defendants and the courts from having to deal with cases in which the search for truth may be seriously impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of documents, or otherwise.
 
 
 27
 100 S.Ct. at 357. The judgment of the West Virginia legislature, as expressd in West Virginia Code § 55-2-12, is that two years is a reasonable period within which an action for a personal injury should be filed in this state. Despite that legislative judgment and the validity of the considerations recognized by the Court in Kubrick, the rule adopted by the majority would permit a party to file an action in any one of the other forty-nine states without semblance of jurisdiction, venue, or personal service,[1] and thereby extend the West Virginia period of limitations indefinitely, since the saving statute permits the new action to be filed "within one year after such * * * dismissal (of the original suit)." Such a rule is hardly consistent with the principle that a statute of limitations is a "statute of repose."
 
 
 28
 The support for its position which the majority gleans from Tompkins v. Pacific Mut. Life Ins. Co., 52 W.Va. 479, 44 S.E. 439 (1903), and Litten v. Peer, 156 W.Va. 791, 197 S.E.2d 322 (1973), escapes me. As the majority notes, in Tompkins the first action had been commenced in a federal court in West Virginia and had been dismissed for want of jurisdiction. In holding that the saving statute permitted the filing of a second action in a West Virginia state court within one year after the dismissal of the federal action, the Supreme Court of Appeals was doing nothing more than applying the general rule. Similarly, in Litten, the initial action had been filed in the federal court for the Northern District of West Virginia and, following dismissal, the second action was filed in the state court within the period allowed by the saving statute. Again, the West Virginia Court did no more than apply the general rule to the case before it. Excising a statement from that opinion that "(t) he extension granted by this provision (the saving statute) of our law applies whether the first action was in another state court on in a federal court," 197 S.E.2d at 325, the majority concludes that had the original action in Litten been filed in another state the West Virginia Court would have held the saving statute applicable. I can only observe that in the context of the case which was before the Court in Litten, my brothers have parsed this sentence in a strange and novel fashion. To me, the Court was merely stating the general rule which applies the saving statute to an action initially commenced in either a state or federal court within the geographic boundaries of the forum state. I would affirm the district court's order of dismissal.
 
 
 
 [1]
 There were also claims for damages for alleged injuries suffered by the three minor children of the plaintiffs. Those claims were not dismissed. We use the word "plaintiffs" to refer only to the adults whose claims were dismissed
 
 
 [2]
 E. g., High v. Broadnax, 271 N.C. 313, 156 S.E.2d 282 (1967)
 
 
 [3]
 See, e. g., Andrew v. Bendix Corp., 452 F.2d 961 (6th Cir. 1971); Riley v. Union Pac. R.R., 182 F.2d 765 (10th Cir. 1950); Estate of Tuckman v. Estate of Cottle, 175 F.2d 775 (10th Cir. 1949); Morris v. Wise, 293 P.2d 547, 55 A.L.R.2d 1033 (Okl.Sup.Ct.1955)
 
 
 [4]
 Abele v. A. L. Dougherty Overseas, Inc., 192 F.Supp. 955 (N.D.Ind.1961); McCrary v. U. S. Fidelity & Guaranty Co., 110 F.Supp. 545 (W.D.S.C.1953); Leavy v. Saunders, 319 A.2d 44 (Del.Super.1974)
 
 
 [5]
 See also Eves v. Ford Motor Co., 281 N.E.2d 826, 830 (Ct.App.Ind.1972), and Ware v. Waterman, 146 Ind.App. 237, 253 N.E.2d 708, 714 (1969), giving a liberal construction to Indiana's savings statute in somewhat different contexts, but specifically quoting with approval the district court's construction of the same statute in Abele v. A. L. Dougherty Overseas, Inc., supra, which did present our same problem
 
 
 [1]
 The majority states that the defendant was informed of the Ohio action and received a copy of the complaint. While I am unable to find this information in the record, I would not suppose that such informal notice would play any operative role in the rule adopted by the majority. In any event, I think it reasonable to assume that informal notice of the filing of an action in a West Virginia court would be much more likely to come to a West Virginia defendant than the filing of an action against him in a distant jurisdiction, e. g. Hawaii or Alaska