Hazel JONES, etc., et al., Plaintiffs,

v.

MID AMERICA EXPOSITIONS, INC., Defendant.

No. C2–87–1344.

United States District Court, S.D. Ohio, E.D.

March 13, 1989.

Brett C. Goodson, Cincinnati, Ohio, for plaintiffs.

Ted Earl, Columbus, Ohio, for defendant.

## ORDER

GRAHAM, District Judge.

This case arises out of a motor vehicle collision which occurred on March 6, 1983, near Carterville, Georgia. Plaintiffs and plaintiff's decedent are/were residents of Warren, Michigan. Defendant is an Ohio corporation having its principal place of business in Ohio. Plaintiffs assert claims for personal injury and wrongful death. Ohio and Georgia each have a two year statute of limitations for such claims. Mi-

chigan, however, has a three year statute of limitations.

Plaintiffs commenced an action against the defendant in the Circuit Court for the County of Wayne, Michigan on December 27, 1985, two years and nine months after the accident. Thereafter, defendant moved for summary judgment on the ground that the court lacked personal jurisdiction over it. This motion was denied by the trial court. This ruling was reversed by the court of appeals on September 29, 1987. Plaintiffs sought rehearing which was denied. Leave to appeal to the Supreme Court of Michigan was denied on April 26, 1988. The present action was filed on November 6, 1987, four years and eight months after the accident.

Defendant has moved for summary judgment on the wrongful death claim of Hazel Jones, as personal representative of the Estate of Thomas A. Jones, and the personal injury claim of Hazel Jones, on the grounds that those claims are barred by the statute of limitations. Defendant contends that either the Georgia or the Ohio statute of limitations applies to these claims and that they are barred by the two year limitation. Plaintiffs claim first that Michigan law applies and that under the provisions of a Michigan tolling statute, the present suit was timely. In the alternative, plaintiffs' claim that Georgia law applies and that under the provisions of a Georgia savings statute, the present suit was timely.

A federal district court sitting in diversity must apply the choice of law rules of the state in which it sits. *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Ohio has adopted the conflict of law rule set forth in the Restatement (Second) of Conflict of Laws (1971). *Morgan v. Biro Manufacturing Co., Inc.*, 15 Ohio St.3d 339, 474 N.E.2d 286 (1984). Under the Restatement, there is a presumption that the law of the place of the injury controls unless another jurisdiction has a more significant relationship to the parties and the occurrence. *See Morgan*, 474 N.E.2d at 289; 1 Restatement (Second) of Conflict of

Laws § 146. In determining which state has the most significant relationship to the lawsuit, the Court must consider various factors set forth in §§ 6 and 145 of the Restatement. *Morgan*, 474 N.E.2d at 289, notes 5 and 6.

■ Section 6 of 1 Restatement (Second) Conflict of Laws provides in part as follows:

(1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.

Ohio does have a statutory directive on the choice of law to be applied in a wrongful death case. Ohio Rev.Code § 2125.01 provides in part as follows:

When death is caused by a wrongful act, neglect or default in another state or foreign country, for which a right to maintain an action and recover damages is given by a statute of such other state or foreign country, such right of action may be enforced in this state. Every such action shall be commenced within the time prescribed for the commencement of such actions by the statute of such other state or foreign country.

Pursuant to this statute and pursuant to Ohio's adoption of the Restatement rule, the Court is required to apply Georgia law to the wrongful death claim of Hazel Jones, as personal representative of the Estate of Thomas A. Jones.

■ With respect to the personal injury claim of Hazel Jones, the analysis must begin with the presumption that the law of Georgia, the site of the injury, applies. This presumption controls unless it appears that another jurisdiction has a more significant relationship to the occurrence and to the parties. In order to determine which of the three states, Michigan, Ohio or Georgia, has the most significant relationship with the occurrence and the parties, the Court will list the various factors to be considered, state by state.

## MICHIGAN

Plaintiffs are residents of the State of Michigan. Michigan has a statute which

provides that when a cause of action accrues outside the state in favor of a resident of Michigan, the statute of limitations of Michigan shall apply. Michigan Compiled Laws, § 600.5861. This may be taken as an expression of a Michigan policy that its statute of limitations should control causes of actions accruing to its residents outside the state.

OHIO

Ohio is both the forum state and the state of "residence" of the defendant corporation, which is an Ohio corporation having its principal place of business in Columbus, Ohio. Ohio has no discernible policy applicable here other than its own personal injury statute of limitations, which is two years.

GEORGIA

Georgia is the place where the injury occurred and the place where the conduct causing the injury occurred. Georgia does not appear to have any applicable policy except that set forth in its statute of limitations which is two years.

OTHER RELEVANT FACTORS

There is no relationship between the parties other than that arising from the accident itself. Defendant has a justified expectation that any claims arising out of this accident would be controlled by the statute of limitations of those states in which it was subject to personal jurisdiction. Such states would include only Georgia and Ohio, each of which have a two year statute of limitations. Plaintiff Hazel Jones has no justifiable expectation that her cause of action would be governed by Michigan law when she had no ability to obtain personal jurisdiction over the defendant in that state. The particular field of law, to wit, limitations of actions, is underlaid with the basic policy that claims should be extinguished after the passage of a certain amount of time. Both Georgia and Ohio, the only states in which the defendant is amenable to suit, have determined that the limitation period for personal injury actions should be two years.

The public policy behind statutes of limitation was aptly stated by the Supreme Court in the case of *United States v. Ku-*

*brick,* 444 U.S. 111, 117, 100 S.Ct. 352, 356, 62 L.Ed.2d 259 (1979):

Statutes of limitations, which "are found and approved in all systems of enlightened jurisprudence," *Wood v. Carpenter,* 101 U.S. 135, 139 [25 L.Ed. 807] (1879), represent a pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified period of time and that "the right to be free of stale claims in time comes to prevail over the right to prosecute them." *Railroad Telegraphers v. Railway Express Agency,* 321 U.S. 342, 349 [, 64 S.Ct. 582, 586, 88 L.Ed. 788] (1944). These enactments are statutes of repose; and although affording plaintiffs what the legislature deems a reasonable time to present their claims, they protect defendants and the courts from having to deal with cases in which the search for truth may be seriously impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of documents, or otherwise. (Citations omitted).

After considering the various factors listed in the Restatement, the Court concludes that neither Ohio nor Michigan have a more significant relationship to the parties and the occurrence than does Georgia and that accordingly, the presumption in favor of Georgia, as the site of the injury, controls. The Court finds that Georgia law applies to the claims of Mrs. Jones, individually.

■ Plaintiffs contend that under Georgia law, the statute of limitations was tolled while the plaintiffs' original action in Michigan remained pending and for six months thereafter. Plaintiffs rely on § 3–808(a) of the Georgia Code Annotated which provides as follows:

3–808[9–2–61] *Discontinuance or dismissal*

(a) When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or, if

permitted by the federal rules of civil procedure, in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later; provided, however, if the dismissal or discontinuance occurs after the expiration of the applicable period of limitation, this privilege of renewal shall be exercised only once.

While on its face, the statute allows refiling only where the plaintiff dismisses the original action, the Georgia courts have repeatedly held that the statute applies to involuntary, as well as voluntary dismissals when the merits are not adjudicated. *See O'Neal v. DeKalb County, Georgia,* 667 F.Supp. 853, 859 (N.D.Ga.1987); *J.G. Williams, Inc. v. Regency Properties, Ltd.,* 672 F.Supp. 1436, 1443 (N.D.Ga.1987); and *Ingle v. Specialty Distributing Co.,* 681 F.Supp. 1556, 1561 (N.D.Ga.1988). The Georgia courts have held that the statute does not apply to void suits, drawing a distinction between cases in which valid service of process was made and those in which there was either no service or invalid service. *See Douglas v. Kelley,* 116 Ga. App. 670, 158 S.E.2d 441 (1967) and Annotation, *Statute Permitting New Action After Failure of Original Action Commenced Within Period of Limitation, As Applicable in Cases Where Original Action Failed for Lack of Jurisdiction,* 6 A.L.R.3d 1043, 1055 (1966).

The Court concludes that § 3–808 of the Georgia Code Annotated is of no assistance to the plaintiffs herein. Plaintiffs' Michigan case was not commenced within the two years contemplated by the Georgia statute of limitations. It was filed in the Wayne County Circuit Court two years and nine months after the accident. Section 3–808(a) of the Georgia Code Annotated would not apply to such a suit if it had been filed in Georgia. The underlying policy behind Georgia law is not satisfied when the defendant does not receive notice of the commencement of a legal action within the two years required by Georgia law.

Counsel have cited no case and the Court has not found any case in which the Georgia courts have been called upon to decide whether or not § 3–808(a) applies to cases commenced in courts outside the State of Georgia. The majority of the courts which have addressed this question hold that a state savings statute applies only where the first action has been filed in that state. The Sixth Circuit has twice so held, applying and interpreting Ohio law and Tennessee law. *See Andrew v. Bendix Corporation,* 452 F.2d 961 (6th Cir.1971) and *Graham v. Ferguson,* 593 F.2d 764 (6th Cir. 1979). While this is the majority view, a number of courts have adopted the contrary position. *See King v. Nashua Corporation,* 763 F.2d 332, 334 (8th Cir.1985).

In *Stare v. Pearcy,* 617 F.2d 43 (4th Cir.1980), the court specifically discussed the situation presented by the present case, to wit, an attempt to apply the savings statute of one state to a case originally filed in another state with a longer statute of limitations. In adopting the minority view, the Fourth Circuit, *Id.* at 45, commented:

> Of course, there would be a problem if the statute of limitations in the state of first filing was longer than that of the state of second filing and the period of the latter statute had run when the foreign action was first filed, but that is a problem which should be capable of resolution under principles of conflict of laws, or, more likely, by construing the savings statute as applying only when the first action was commenced within the period limited by the statute of the forum state.

This Court, following the reasoning of *Andrew v. Bendix Corporation, supra* and *Graham v. Ferguson, supra,* concludes that in all likelihood the courts of Georgia would not apply the Georgia savings statute to an action commenced in another state. Even if the courts of Georgia were to adopt a contrary view, it is most unlikely that they would apply the Georgia savings statute to a suit commenced in another state after the two year period prescribed by Georgia law had expired. Such a holding would permit a plaintiff who had missed the Georgia statute of limitations to search the jurisdictions

of all fifty states for one with a statute of limitations long enough to save his cause of action, file his case there without any possibility of personal jurisdiction, then suffer dismissal of that case for the purpose of refiling it in Georgia in order to take advantage of the savings statute.

The Court concludes that the wrongful death claim of Hazel Jones, as personal representative of the Estate of Thomas A. Jones, and the individual personal injury claim of Hazel Jones, are both governed by the Georgia two year statute of limitations and are time barred. Accordingly, the Court finds that defendant's motion for summary judgment as to these claims is well taken and the same is hereby GRANTED.

It is so ORDERED.