**FILED**

**April 26, 2022**

**released at 3:00 p.m.**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**No. 21-0253:** *Jared M. v. Molly A.*

**Hutchison, Chief Justice, dissenting:**

Instead of affording deference to the family court's findings of fact and application of the law to the facts, the majority has re-weighed the evidence to find that there was a substantial change in circumstances. This is contrary to our Court's role on appeal. Moreover, the majority is rendering its findings without the respondent even having the opportunity to present all of her evidence, in clear violation of the respondent's due process right to be heard.

The blackletter law of our Court, cited in hundreds of opinions and memorandum decisions, is that an appellate "court may not overturn a finding simply because it would have decided the case differently[.]" Syl. Pt. 1, in part, *In Re Tiffany Marie S.*, 196 W. Va. 223, 470 S.E.2d 177 (1996). Rather, the reviewing court "must affirm a finding" if the lower court's "account of the evidence is plausible in light of the record viewed in its entirety." *Id.* This principle is encompassed in our standard of review for family law cases: "we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard." Syl., in part, *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004). The family court judge was familiar with this child and parents, heard and observed the witness testimony, considered the documentary evidence, and was in the best position to serve as the factfinder and to weigh the evidence in this matter. There is nothing in the family court's ruling that is clearly erroneous or constitutes an abuse of discretion.

1

At the end of the petitioner's case-in-chief, the family court provided a lengthy explanation of why the petitioner had not met his burden of proving a substantial change in circumstances warranting a modification of the parenting plan.[1] The judge spent several minutes explaining her findings and addressing each of the issues that the petitioner raised,[2] and these findings were later incorporated into a written order. The family court decided that any changes were not significant enough to warrant modification of the parenting plan.

The family court began by observing that the parenting plan had only been in place for three years when the petitioner moved to modify it. The court found that the three-year increase in E.M.'s age was not a substantial change. The child was still very young, having just entered Kindergarten. The majority rejects this finding by boldly saying, "we find that on *these* facts, and for *this* child, four years of time and childhood development, combined with the improvement in her medical condition, represent[s]" a substantial change.[3] Not only is the majority erroneously stepping into the role of

---

[1] Necessary prerequisites for modification of a parenting plan pursuant to West Virginia Code § 48-9-401(a) (2001) include that there must be a "substantial change . . . in the circumstances of the child or of one or both parents and a modification is necessary to serve the best interests of the child."

[2] Neither party had a transcript of the family court hearing prepared, but a video recording of the lengthy hearing is included in the appendix record on appeal.

[3] *Jared M. v. Molly A.*, __ W. Va. __, __ S.E.2d __ (2022), slip op. at 12. The majority's statement about "four years" is a reference to the date of the evidentiary hearing, instead of the date the petition for modification was filed.

2

factfinder, but the petitioner's written petition for modification never claimed that the child's improved medical condition was grounds for modification. The petitioner also did not present any medical evidence to support such an assertion. The child's doctor was a witness for the respondent, not for the petitioner, and the doctor testified about E.M.'s ongoing "fragile" medical condition and the need for careful attention to her health and medication dosing.

Next, the family court rejected the notion that either of the parents' jobs constituted an unanticipated event or a substantial change in circumstances. The court noted that the respondent waited until E.M. started full-time Kindergarten before accepting a job at a company owned by her father. The court found that when the current parenting plan was entered, the parties had obviously anticipated that the respondent would become employed at some point in time because of the need to support herself. The parties were never married, thus the petitioner does not pay the respondent any spousal support, and the respondent must have a source of income to support herself and provide for the child. Although the petitioner argued that the respondent worked overtime to the detriment of the child, the family court rejected this assertion by finding that the overtime was minimal and might have been worked early in the morning (presumably when the child was already at school). Moreover, the evidence showed that E.M. missed many days of Kindergarten because of her medical condition, with the respondent providing and arranging for care on those days just like she did when she was a stay-at-home parent before the child started school. After considering the facts and argument presented by the petitioner, the family

court determined that the respondent's acceptance of employment when E.M. started school did not constitute a substantial change in circumstances for this child. There is simply no error or abuse of discretion in that determination.

As to the petitioner's change in employment, the family court expressly rejected the argument that he now has more flexibility and more time to spend with the child. The family court pointed to evidence that the petitioner is still working full-time and still spending time in the corporate office, just like he was doing when the current parenting plan was adopted, and that he travels extensively for work. According to his tax returns, the petitioner traveled 30,000 miles for work in 2016 and 2017.[4] As with the family court's other findings, there is no clear error or abuse of discretion.

"[I]n general, an abuse of discretion occurs when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper

---

[4] Although not the focus of the majority's opinion, the family court also soundly rejected other issues raised by the petitioner. For example, the petitioner argued that the respondent provided the school with information about the child without including him. However, the family court noted that the petitioner could have taken responsibility for educating school personnel about E.M.'s medical needs, but he did not. The petitioner also claimed to not know about a medical malpractice lawsuit pursued on behalf of the child, but he had co-signed the representation agreement to hire the lawyer. The family court found that the petitioner's decision to attend the child's doctor's appointments was not a substantial change in circumstances, rather, he always had the right to attend appointments per the parenting plan. The court dismissed other issues raised by the petitioner in a failed effort to make the respondent out to be a bad mother, including a single mix-up in communicating a change in medication dosage and that the child received a bad grade on a butterfly picture assignment in Kindergarten.

and no improper factors are assessed but the circuit court makes a serious mistake in weighing them." *Shafer v. Kings Tire Service, Inc.*, 215 W. Va. 169, 177, 597 S.E.2d 302, 310 (2004) (quoting *Gentry v. Mangum*, 195 W. Va. 512, 520 n. 6, 466 S.E.2d 171, 179 n. 6 (1995) (other citation omitted). The family court did not ignore any proper factor, did not rely on any improper factor, and did not make a serious mistake in weighing the evidence. Rather, the majority of this Court has re-weighed the evidence and substituted its own judgment on the facts and the application of the law to the facts.

The majority's error in this case is magnified by the fact that the respondent was not given the opportunity to present all of her evidence at the family court's evidentiary hearing. At the conclusion of the petitioner's case-in-chief, the family court determined that the petitioner had not met his burden of proof and proceeded to rule. The respondent had been permitted to present the testimony of one of her witnesses, the child's doctor, early due to the doctor's scheduling conflict—but *the respondent did not present the rest of her case-in-chief.* Despite the lack of evidence from the respondent, the majority has definitively decided that there was a substantial change in circumstances.[5]

---

[5] The remand ordered by the majority is for the purpose of addressing the next step in the statutory analysis, i.e., whether modification is necessary to serve the best interests of the child. *See Jared M.*, __ W. Va. at __, __ S.E.2d at __, slip op. at 15. It is not for further consideration of the question of whether there was a substantial change in circumstances. *Id.*

The right to present evidence on one's own behalf is guaranteed by the Fourteenth Amendment to the United States Constitution and Article III, § 10 of the West Virginia Constitution. "The due process of law guaranteed by the State and Federal Constitutions, when applied to procedure in the courts of the land, requires both notice and *the right to be heard*." Syl. Pt. 2, *Simpson v. Stanton*, 119 W. Va. 235, 193 S.E. 64 (1937) (emphasis added). *See, e.g.*, *State ex rel. Bd. of Educ. of Cty. of Putnam v. Beane*, 224 W. Va. 31, 35, 680 S.E.2d 46, 50 (2009) ("The most fundamental due process protections are notice and an opportunity to be heard."); *Litten v. Peer*, 156 W. Va. 791, 799, 197 S.E.2d 322, 328 (1973) ("It has always been the policy of this Court to protect each litigant's day in court."). Accordingly, even if the majority is correct that a reversal and remand are required in this case, then the case should be reversed and remanded on *all* issues, including the question of whether there was a substantial change in circumstances.

For these reasons, I respectfully dissent.