# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Lloyd M. Dillon,**
**Defendant Below, Petitioner**

**vs.)  No. 22-583** (Nicholas County 20-C-34)

**Robert Starcher,**
**Plaintiff Below, Respondent**

## MEMORANDUM DECISION

Petitioner Lloyd M. Dillon appeals the June 13, 2022, final order of the Circuit Court of Nicholas County following a bench trial.[1] Upon our review, we determine that the circuit court abused its discretion by conducting a bench trial without ensuring that petitioner had been provided with notice of the trial, and, thus, the final order must be vacated. Because this case presents no substantial question of law, we find that it satisfies the "limited circumstances" of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for disposition by a memorandum decision rather than an opinion.

This action stems from a boundary line dispute between the parties. The parties were previously involved with litigation concerning petitioner's use of an easement on respondent's property. Per the mediation agreement that resolved the earlier litigation, petitioner could use the easement and the parties agreed to respect the boundary line of their adjoining individual tracts. In this civil action, respondent filed a complaint in circuit court alleging trespass and ejectment for petitioner's farm equipment and miscellaneous personal property which respondent claimed was improperly on his property. Petitioner was self-represented when he answered the complaint and later retained counsel. Petitioner, through counsel, participated in discovery, filed a response to respondent's motion for summary judgment, and submitted a pretrial memorandum.

Approximately one month prior to trial, petitioner's counsel filed a motion to withdraw as counsel pursuant to Rule 4.03 of the West Virginia Trial Court Rules. Although the motion to withdraw noted the June 9, 2022, bench trial,[2] the attorney notification certificate required under

---

[1] Petitioner appears by counsel Daniel K. Armstrong. Respondent appears by counsel Leah R. Chappell.

[2] Notably, the pretrial submissions in the appendix record submitted to this Court provide that the jury trial was scheduled for March 1, 2022. Although additional pretrial submissions may have been provided showing a later scheduled trial date, they were not included in the appendix.

Rule 4.03 was silent as to the trial date. Moreover, it does not appear from the United States Postal Service tracking documentation in the record that petitioner received the motion to withdraw. Three days after the motion to withdraw was filed, and without holding a hearing, the circuit court granted the motion. The order granting counsel's motion to withdraw did not include the trial date and there is no notice of hearing or other notification of the scheduled trial date reflected on the docket sheet after the entry of this order.

After petitioner's counsel withdrew, the court conducted a bench trial. Petitioner did not appear for the bench trial and was not represented by counsel. Although the bailiff called for petitioner outside of the courtroom, there is nothing on the record to suggest that there were any further inquiries by the court about petitioner's absence from the proceeding. Following the presentation of respondent's evidence, the court accepted the survey notes and plat from respondent's expert as an accurate depiction of the boundary lines between the parties. The court ultimately awarded respondent an injunction against petitioner along with an award of $19,335.35, which was comprised of $3,819 for the survey; $15,516.36 in attorney's fees; and $225 for filing fees/costs.[3] Petitioner appeals from the judgment order.

> "In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review."

Syl. Pt. 1, *Pub. Citizen Inc. v. First Nat'l Bank in Fairmont*, 198 W. Va. 329, 480 S.E.2d 538 (1996).

Petitioner argues that the court erred in proceeding with the bench trial without confirming that he was provided notice of it. We agree. Rule 1 of West Virginia Rules of Civil Procedure, the framework for civil procedure, provides that the rules "shall be construed and administered to secure the just . . . determination of every action." Moreover, Rule 5 provides that orders, discovery, written motion, and similar papers "shall be served upon each of the parties." This notice and an opportunity to be heard is to ensure a fundamental constitutional tenant that "[n]o person shall be deprived of life liberty, or property, without due process of law[.]" W. Va. Const. art. III, § 10, in part.[4] Here, petitioner did not receive notice of the bench trial. In fact, the docket

---

[3] Although respondent sought to recover storage/rental costs, annoyance and inconvenience damages, and punitive damages, the court declined to award these damages to respondent.

[4] As we stated in *Litten v. Peer*, 156 W. Va. 791, 797, 197 S.E.2d 322, 328 (1973), "[i]t has always been the policy of this Court to protect each litigant's day in court." It is equally true, of course, that "the fundamental requirement of due process is an opportunity to be heard upon such notice and proceedings as are adequate to safeguard the right for which the constitutional protection is

2

sheet reveals no notice of hearing setting the bench trial for June 9, 2022. Accordingly, it was an abuse of discretion for the court to fail to ensure that petitioner received notice prior to proceeding with a bench trial. Thus, we vacate the circuit court's judgment order and remand to the circuit court for a new trial.

For the foregoing reasons, we vacate the circuit court's order and remand this case for further proceedings.

Vacated and remanded with directions.

**ISSUED:** November 17, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

invoked." *Anderson Nat. Bank v. Luckett*, 321 U.S. 233, 246, 64 S.Ct. 599, 88 L.Ed. 692 (1944).

*In re Charleston Gazette FOIA Request*, 222 W. Va. 771, 777, 671 S.E.2d 776, 782 (2008).